# ORANGE COUNTY,

## MARCH TERM, 1872.

[ CONTINUED FROM ANTE PAGE 632.]

STEPHEN H. MANN *v.* THE TOWN OF FAIRLEE.

*Soldier's Bounty. Motion and Petition for New Trial. Trial by Jury. Irregularity in Drawing Jurors. New Trial.*

The selectmen of the defendant town, being duly authorized, procured C. to write to the plaint.ff, then in the military service of the United States, at New Iberia, La., and request him to re-enlist to its credit and promise to pay him a bounty of three hundred dollars therefor. The plaintiff, relying upon the promise thus communicated to him, did re-enlist to the credit of the defen·!ant town, and gave notice thereof within a reasonable time. The date of his re-enlistment was January 5, 1864, but through the want of a mustering officer, he was not mustered into the service, under his re-enlistment, till March following. *Held,* that the plaintiff is entitled to the promised bounty.

As no time was limited in the offer in which the plaintiff should be mustered into the service, the law would give him such time as would be deemed reasonable under the circumstances.

Ordinarily, motions for a new trial are addressed to the discretion of the court. Every party entitled to a trial by jury in the county court has the right to such a trial by twelve legally qualified jurors. If one of them, who sat in the trial of the case, was not a legally qualified juror, the defendant had a right to a new trial, and it did not rest in the discretion of the court to grant or refuse the motion therefor.

The sheriff drew the name of William B. Kimball from the jury box of the town of West Fairlee, and being unacquainted with him, he summoned William Kimball, an entirely different person, whose name was not in the jury box, supposing him to be the man drawn to serve as a juror for the December Term, 1871, of the Orange County Court. He answered the summons, was duly sworn, and sat in the trial of this case. There being no fraud or collusion on the part of the sheriff, or any one else, and neither party being aware that William Kimball's name had not been properly placed in the jury box and drawn therefrom till after the verdict, and he being of ths class of citizens from which the town had the right to select names for the jury box, it was *held* that this irregularity furnished no ground for a new trial, and the motion, therefore, was properly refused.

It is quite uniformly established that when the objectionable juror is a minor or a foreigner, or belongs to a class from which the law does not allow jurors to be taken, a new trial will be granted, though neither party knew of the existence of the disqualification till after the rendition of the verdict.

When a person is legally competent to act as juror, but was irregularly selected, and the irregularity becomes known before the verdict is rendered, a new trial will be granted, on motion of either party, unless the party making the motion has expressly waived all objection to such irregularity.

But when the person is legally competent to act as juror, but an irregularity has intervened in the method of his selection, if the irregularity is unknown to the parties and the court till after the verdict has been delivered and the panel discharged, and no fraud or collusion is suggested, a new trial is uniformly refused.

The petition for a new trial was served upon the attorney of record for the plaintiff who resided out of the state. *Held* that such service was sufficient.

A motion and a petition for a new trial for the same cause cannot properly be pending at the same time, and the pendency of the former furnishes sufficient grounds for dismissing the latter.

ASSUMPSIT in general and special counts to recover a town bounty. Plea, the general issue and trial by jury at the December term, 1871, PECK, J., presiding. Verdict for the plaintiff. Exceptions by the defendant.

The plaintiff put in evidence a certified copy of the record of the proceedings of a meeting of the defendant town, held on the 27th day of November, A. D., 1863, by which it appeared that, under a proper article in the warning, the town at said meeting passed the following vote :

. " On motion of Frank M. Bailey, it was voted that the town authorize the selectmen to hire a certain sum of money, not to exceed $300 for volunteers, and not to exceed $2,100 in all, payable one half in one year, and the remainder in five years, or sooner if desired by the town."

The plaintiff also introduced a copy of general orders No. 2 of the Adjutant and Inspector General of Vermont, dated Nov. 2, 1863, by which it appeared that the quota of the town of Fairlee aforesaid, under the call of the President of the United States of October 17, 1863, for three hundred thousand volunteers, was seven men.

The defendants introduced testimony tending to show that said William Child was never authorized by the selectmen of said town or any of them. That immediately after the said vote of the town the selectmen then having said business in hand went about to fill their said quota, and that they enlisted and had mustered to the credit of said town, at home, seven men, and had paid each of them the said bounty of $300, previous to January 25, 1864 ; that the selectmen had no notice of the re-enlistment of the plain-

85

tiff and his above named comrades to the credit of Fairlee from them, and no notice from the adjutant and inspector general of Vermont that they had so re-enlisted till they received his official circular, about the 24th of April, 1864, dated April 21, 1864, stating that the plaintiff and the others had re-enlisted and been mustered to the credit of said town of Fairlee, and had been applied upon the said quota of said town, under the said call of October 17, 1863.

All the other material facts in the case are stated in the opinion of the court.

*R. Farnham and Orin Gambell, Jr.,* for the defendants.

*C. W. Clarke,* for the plaintiff.

The opinion of the court was delivered by Ross, J.

Under the instructions of the court, the jury have found that the defendant, through its selectmen, who were duly authorized for that purpose, procured William Child to write a letter to the plaintiff and others, at New Iberia, La., requesting him to re-enlist to the credit of the defendant, and promising to pay him, if he would do so, a bounty of $300 ; that the plaintiff, in compliance with the request, and relying upon the promise thus communicated, did re-enlist to the credit of the defendant, and, in a reasonable time thereafter, communicated to the defendant the fact that he had done so, and should expect the promised bounty. The date of the plaintiff's re-enlistment was January 5, 1864; but, through the want of a mustering in officer, he was not mustered into the service, under his re-enlistment, till the March following. As the plaintiff was in the service in the meantime, the government consented to give effect to his muster in as of the date of his re-enlistment. The court instructed the jury, if they found the contract with the selectmen, as hereafter stated, established, that the postponement of. the plaintiff's muster into the service, under the circumstances, would not prevent the plaintiff's recovery ; to which the defendant excepted. The vote authorizing the selectmen to contract for the re-enlistment of soldiers to

the credit of the defendant was in the most general terms, and did not restrict the selectmen in the manner of exercising the authority conferred. The selectmen were aware that the plaintiff was in the service under military orders, so that he could not go from place to place to find an officer qualified to muster him into the service. They were also aware that the plaintiff was liable to be on the march, or stationed where such an officer would not be present for a considerable time thereafter. If, therefore, they would have the plaintiff's right to the offered bounty dependent upon his being mustered into the service by a given time, they should have conditioned their request to him to re-enlist, and promise of a bounty, accordingly. This they failed to do, but made the request and offer of a bounty in the manner they saw fit, and the plaintiff complied with their request, and bound the defendant to the performance of its promise. He is, therefore, entitled to the promised bounty, though his muster into the service was postponed without his fault. The fact that the plaintiff had once been examined and accepted as physically qualified to enter the service, and was then in the service, doubtless made the selectmen less certain about requiring that he should be remustered into the service by a time limited, before he could so far comply with their offer as to bind the town to the payment of the promised bounty if he should finally be accepted and mustered into the service on his re enlistment. As no time was limited in the offer in which he should be mustered into the service, the law would give him such time to accomplish his muster into the service as would be deemed reasonable under the circumstances. We find no error in the charge of the court.

II. The defendant has also excepted to the refusal of the county court to grant its motion for a new trial. The plaintiff insists that the motion was addressed to the discretion of the county court, and therefore no exception lies to the refusal of the court to grant the motion. Ordinarily such motions are addressed to the discretion of the court. This motion, we think, is unlike the majority of such motions, and varies the question whether the defendant has had the case tried by a full panel of legally qualified jurors. Every party entitled to a trial by jury, in the county

court, has the right to such a trial by twelve legally qualified jurors. If one of the jurors who sat in the trial of the case was not a legally qualified juror, the defendant had a right to a new trial, and it did not rest in the discretion of the court whether to refuse or grant the motion. The question, therefore, arises whether either of the jurors who participated in the trial of the case was legally disqualified to act as such juror. William Kimball, of West Fairlee, is claimed by the defendant to be thus disqualified. His name was not put into the jury box by the town of West Fairlee, nor was it drawn from that box by the sheriff. The name of William B. Kimball, an entirely different person, was placed in the jury box, and was drawn therefrom by the sheriff. The sheriff knew William Kimball, and was unacquainted with William B. Kimball, and supposing William Kimball was the person meant, duly summoned him to serve as a juror for the December term of Orange county court, 1871. He answered the summons, was duly sworn, and sat in the trial of this cause. No collusion, or fraud, on the part of the sheriff, or any one, is claimed. His participation in the trial arose from the sheriff mistaking William Kimball for William B. Kimball. William Kimball was of the class of citizens from which the town had the right to select names for the jury box. Neither party was aware that his name had not been properly placed in the jury box, and drawn therefrom, till after the verdict was rendered and the jurors discharged from service in the cause. From the authorities cited on this subject, both English and American, we think it is pretty uniformly established that when the objectional juror is a minor, or a foreigner, or belongs to a class from which the law does not allow jurors to be taken, a new trial will be granted, though neither party knew of the existence of the disqualification till after the rendition of the verdict. So, too, where a person is legally competent to act as a juror, but was irregularly selected, and the irregularity becomes known before the verdict is rendered, a new trial will be granted on motion by either party, unless the party making the motion has expressly waived all objection to the juror arising from the irregularity in the manner of his selection. But where the person is legally competent to act in the capacity of a juror, but an ir-

regularity has intervened in the method of his selection or em-empanelling, if the irregularity is unknown to the parties and to the court till after the verdict has been delivered and the panel discharged, and no fraud or collusion is suggested, a new trial is uniformly refused. In accordance with this latter principle, the county court properly refused the defendant's motion for a new trial.

III. The defendant has brought its petition to this court for a new trial for the same cause set forth in its motion to the county court. We might dismiss this petition on its merits for the same reason for which we have denied the exception to the refusal of the county court to grant the motion. As, however, the plaintiff has raised objections to the petition relating to matters of practice, we will briefly consider them. The plaintiff insists the petition should be dismissed, on his motion, for the want of legal service of it on the plaintiff. The plaintiff, at the time of its service, was residing out of the state, and service of the petition on him was made by delivering a duly attested copy thereof to C. W. Clarke, Esq., his attorney of record in the case. The statute directs such petitions " to be served in the same manner as writs of summons." Gen. Stat., chap. 38, § 3. The statute, chap. 33, § 21, points out the manner in which writs of summons shall be served, but makes no provision for their service where the adverse party resides out of the state, nor does it authorize the manner of service made of this petition. The same objection was raised in *Bradish* v. *State*, 35 Vt., 452. Chief Justice POLAND, in delivering the opinion of the court, says: " In *Wellington* v. *Aiken*, decided some years since in Caledonia county, but not reported, it was held that where the adverse party lived out of the state, service of a petition for a new trial was properly made upon his attorney of record, on the ground that his attorney was his selected agent to represent him and act for him in that matter, and unless service on him was sufficient, the other party would be deprived of his right to petition for a new trial. The principle of that decision might well enough be applied to sustain the service in the present case." Service was also made in that case upon the state's attorney for the county of Washington. The court held that service

in either way was sufficient, but more properly made upon the state's attorney, because the state was a party. We think that case should govern this, in this particular.

The plaintiff also moved to dismiss the petition because of the pendency of the defendant's motion for a new trial, on exceptions for the same cause. We think that a motion and a petition for a new trial for the same cause cannot properly be pending at the same time, and that the pendency of the former furnishes sufficient grounds for dismissing the latter. In *Shepherd et als.* v. *Hayes*, 16 Vt., 486, this question came incidentally before the court. Chief Justice WILLIAMS, in delivering the opinion, uses this language : " We are aware of no precedent or practice to warrant consecutive motions and petitions for new trials, or by which several such motions or petitions, for the same or similar reasons, or even for different reasons, can be pending at the same time. It would be somewhat embarrassing in the administration of justice, and perplexing to parties, to have a great number of these petitions brought from day to day. We have not, however, particularly attended to the plea in abatement of the second petition, as we are satisfied that neither affords any grounds for an interference to disturb the verdict. I make these observations that it may not be considered that the court consider these proceedings regular by forbearing to say anything on the subject."

We think the petition should be dismissed, both upon its merits and by reason of the pendency, on exceptions, of the motion for the same cause.

Judgment of the county court is affirmed, and the petition for a new trial dismissed.