## ROBERT C. WOODWARD *vs.* ISRAEL L. DEAN.

A party who has not challenged a juror or claimed the right to have him examined under Gen. Sts. c. 132, § 29, is not, as a matter of law, entitled to a new trial because of the juror's relationship to the other party, although, without fault, he was ignorant of the fact till after verdict.

TORT. After verdict for the plaintiff, in the Superior Court, the defendant moved before *Pitman*, J., to set the verdict aside on account of the disqualification of a juror. At the hearing upon the motion it appeared that Henry B. Macomber, one of the jurors, was the husband of the plaintiff's niece. The court found as a matter of fact, that the juror had no previous knowledge of the case, and had no bias or prejudice, unless such bias or prejudice must necessarily be inferred from the relationship; and that the defendant, although he knew that Macomber was the plaintiff's nephew by marriage, did not know till after the trial, being personally unacquainted with him, that he was on the panel. The court found that there was no negligence on the defendant's part, but ruled as a matter of law that the mere fact of the relationship was not a sufficient ground for setting aside the verdict, and refused to grant the motion; and the defendant alleged exceptions.

*W. H. Fox*, for the defendant, cited *Hardy* v. *Sprowle*, 32 Maine, 310. *Churchill* v. *Churchill*, 12 Vt. 661. *Hinchman* v *Clark*, Coxe, 446. *Hartford Bank* v. *Hart*, 3 Day, 491. *Brown* v. *State*, 28 Ga. 439. *Sehorn* v. *Williams*, 6 Jones, (No. Car.) 575.

*E. H. Bennett & H. J. Fuller*, for the plaintiff.

GRAY, C. J. It is provided by statute that the court shall, on motion of either party in a suit, examine on oath any person who is called as a juror therein, to know whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein ; that the party objecting to the juror may introduce any other competent evidence in support of the objection ; and that if it appears to the court that the juror does not stand indifferent in the cause, another shall be called and placed in his stead for the trial of the cause. Gen. Sts. *c*. 132, § 29.

The evident object of this enactment is that the question whether the jurors summoned can impartially try the case shall be ascertained and determined before the trial proceeds. A party against whom a verdict has been rendered, who has not seasonably availed himself of the means of inquiry thus afforded him, may indeed, upon proof to the satisfaction of the court that a juror did not stand indifferent, by reason of facts unknown to the party until after the verdict, be granted a new trial or review at the discretion of the court ; but he is not entitled to it as matter of law, and has no right of exception if it is refused. *Jeffries* v. *Randall*, 14 Mass. 205. *Davis* v. *Allen*, 11 Pick. 466. *Kinnicutt* v. *Stockwell*, 8 Cush. 73. *Eggleston* v. *Smiley*, 17 Johns. 133. *In re Chelsea Waterworks Co.* 10 Exch. 731.

*Exceptions overruled.*