FREDERICK J. WASSUM *vs.* JOHN FEENEY.

Hampden.    Sept. 26. — Oct. 21, 1876.    COLT & MORTON, JJ., absent.

Although an infant is disqualified from serving as a juror, yet, if his name is on the list of jurors returned and empanelled, his serving as juror does not entitle a party, against whom a verdict has been rendered, to have the verdict set aside, although he is ignorant of the fact of minority until after the verdict.

TORT. A verdict was rendered for the plaintiff in the Supe-rior Court, at October term 1875; and at the same term the defendant filed a motion to set aside the verdict on the ground

that one of the jurors who tried the case was but nineteen years of age. The defendant offered to prove that he did not discover the fact of the juror's nonage until he filed his motion. The plaintiff objected to this evidence and to the competency thereof ; but conceded, if it would be competent for the defendant to prove the same, that the facts were as above stated. *Allen*, J., overruled the motion ; and the defendant alleged exceptions.

*W. L. Smith*, for the defendant.

*G. M. Stearns*, for the plaintiff.

GRAY, C. J. The juror in question, being under twenty-one years of age, was not qualified as the statutes require. Gen. Sts. *c.* 132, § 1 ; *c.* 6, § 1. But his name being upon the list of the jurors returned and empanelled, the defendant had the opportunity, by proper inquiry, of ascertaining any grounds of objection to him, and might have challenged him before the trial began.

When a party has had an opportunity of challenge, no disqualification of a juror entitles him to a new trial after verdict. This convenient and necessary rule has been applied by this court, not only to a juror disqualified by interest or relationship ; *Jeffries* v. *Randall*, 14 Mass. 205 ; *Woodward* v. *Dean*, 113 Mass. 297 ; but, even in a capital case, to a juror who was not of the county or vicinage, as required by the Constitution. Declaration of Rights, art. 13. *Anon.* cited by Jackson, J., in 1 Pick. 41, 42.

The same rule has been applied by other courts to disqualification by reason of alienage, although not in fact known until after verdict. *Hollingsworth* v. *Duane*, 4 Dall. 353 ; *S. C.* Wall. C. C. 147. *State* v. *Quarrel*, 2 Bay, 150. *Presbury* v. *Commonwealth*, 9 Dana, 203. *The King* v. *Sutton*, 8 B. & C. 417 ; *S. C. nom. The King* v. *Despard*, 2 Man. & Ry. 406. In the *Case of the Chelsea Waterworks Co.* 10 Exch. 731, Baron Parke said : " In the case of a trial by a jury *de medietate linguæ*, which by the 47th section of the jury act is expressly reserved to an alien, he may not know whether proper persons are on the the jury ; yet if he was found guilty, and sentenced to death, the verdict would not be set aside because he was tried by improper persons, for he ought to have challenged them."

There is no reason for applying a different rule in the case of an infant. The age at which persons shall be deemed competent to do any acts or perform any duties depends wholly upon the Legislature. At fourteen years of age, an infant may contract marriage, and, by the common law, might make a will of personal property ; at sixteen, he may be enlisted in the army or navy of the United States ; and at eighteen, he is enrolled in the militia of the State. *Parton* v. *Hervey*, 1 Gray, 119. *Deane* v. *Littlefield*, 1 Pick. 239. U. S. Rev. Sts. §§ 1116–1118, 1418–1420. St. 1874, *c.* 320, § 1. If his age falls much short of twenty-one, it is known at once by his appearance; and, in all cases, whether he is under twenty-one can be quite as readily ascertained, as whether he is a citizen of the Commonwealth, or resides in a particular county.

The cases cited for the defendant, when examined, afford no ground for a different conclusion. The cases of *State* v. *Babcock*, 1 Conn. 401, and *Guykowski* v. *People*, 1 Scam. 476, do not appear to have been much considered, and cannot be reconciled with later opinions of the courts which decided them. *Selleck* v. *Sugar Hollow Turnpike Co.* 13 Conn. 453. *Greenup* v. *Stoker*, 3 Gilman, 202. The remark in *Eastman* v. *Wight*, 4 Ohio St. 156, was but *obiter dictum*. In *Borst* v. *Beecker*, 6 Johns. 332, the objection was made before the jurors were sworn. The decision in *Briggs* v. *Georgia*, 15 Vt. 61, that the want of a freehold qualification in a juror, if unknown at the time of the trial, was ground for setting aside the verdict, was by a majority of the court, and its unsoundness is clearly demonstrated in the able dissenting opinion of Mr. Justice Bennett. The case of *Mann* v. *Fairlee*, 44 Vt. 672, which went even further, and held that the summoning of a juror who was of a class of citizens from which jurors might be selected, but whose name was not in the jury box, was ground for a new trial, is directly opposed to the judgments of this court in *Page* v. *Danvers*, 7 Met. 326, of the twelve judges of England in the *Case of a Juryman*, 12 East, 231, *note*, and of the Court of King's Bench in *Hill* v. *Yates*, 12 East, 229.

In *Hill* v. *Yates*, Lord Ellenborough said that he had mentioned the case to all the judges, and they were all of opinion that it was a matter within their discretion to grant or refuse a

new trial on such a ground; that if no injustice had been done, they would not interfere in this mode; that if they were to listen to such an objection, they might set aside half the verdicts given at every assizes, where the same thing might happen from accident and inadvertence, and possibly sometimes from design, especially in criminal cases; and that he had mentioned this matter again in court, in order to put at rest the question once for all, that applications of this sort might not be made again and again.

In *The King* v. *Tremaine*, 7 D. & R. 684; *S. C.* 5 B. & C. 254, the verdict was set aside because the infant who served on the jury had not been summoned or returned on the panel, so that the party, whatever inquiries he made, had no means of challenging him. The case is distinguished upon that ground in a decision made soon after by the same court, and already cited, in which Lord Tenterden added, "I am not aware that a new trial has ever been granted on the ground that a juror was liable to be challenged, if the party had an opportunity of making his challenge." 2 Man. & Ry. 409; 8 B. & C. 419.

*Exceptions overruled.*