HENRY SALISBURY, RESPONDENT, v. EDWARD I. McCLASKEY, APPELLANT.

*Jurors — relationship of jurors to the prevailing party — when it is not a ground. for a new trial.*

After a jury had been impanneled and sworn and the trial concluded it was ascertained that . two of the jurors were cousins of the plaintiff, who was the prevailing party. It was not shown that the plaintiff or jurors had knowledge of this fact, and it was shown that the defendant did not know of it. No misconduct on the part of the jurors so related was claimed to have existed.

*Held,* that the court properly refused to grant a motion for a new trial based upon the fact of such relationship.

APPEAL from an order of the County Court of Albany county, denying a motion for a new trial on affidavits and the minutes of the court, made upon the grounds that two of the jurors who tried the cause were first cousins of the plaintiff and that the verdict was against the weight of the evidence.

*J. H. Clute,* for the appellant.

*W. A. Allen,* for the respondent.

OSBORN, J.:

This is an appeal from an order of the County Court denying a motion for a new trial on the minutes of the court. The action was originally commenced and tried in a Justice's Court, and an

appeal for a retrial taken to the Albany County Court, where it was tried, resulting in a verdict for the plaintiff.

The motion for a new trial on the minutes and on affidavits was not before the County Court at the same term at which the cause was tried, and the respondent claims that a motion to set aside the verdict on the minutes can only be made at the same term of the court at which the action was tried, and that the same cannot now be brought here for review. This may be so, but we do not pass upon that, or the other point raised by the respondent, that the order before us is not an appealable one.

The learned counsel for the appellant presents but one question for consideration, and that is of a character so clearly untenable that an examination of any preliminary objections seems wholly unnecessary.

After the jury had been impanneled and sworn, and the trial concluded in the County Court, it was ascertained that two of the jurors were cousins of the plaintiff, who was the prevailing party. There is positive proof that the defendant did not know such fact when the jury was accepted and sworn. Nor is there any proof that the plaintiff or the jurors knew anything of such fact. It was for this relationship undoubtedly that the motion was made to set aside the verdict, and from the order denying the same an appeal is taken to this court.

There is no pretense that there was any misconduct on the part of the jurors so related, or that by reason thereof the verdict as rendered was produced. The appellant has assumed that the relationship of a juror was equivalent and had the same effect as though it was to the judge, that is, that the question of the relationship of one or more of the jurors was precisely in effect like the relationship of the judge presiding at the trial. In this the learned counsel for the appellant is mistaken. In the case of the relationship of a judge at a trial within the ninth degree, to one of the parties, he obtains no jurisdiction of the parties, nor can such jurisdiction be conferred by consent. Any judgment rendered where such relationship exists is absolutely void, the court having no jurisdiction to try the action because of such relationship. Hence any judgment in such case will be set aside, though the same be against the party so related. But as to a juror it does not in any

manner affect the jurisdictional question. The court has jurisdiction over the parties and the subject matter of the action. If a juror, no matter how closely related to one of the parties is accepted without objection, he is a competent juror. The relation of a juror is simply a disqualification, the same as though over or under the age prescribed, not possessing the necessary property qualifications, etc. If allowed to pass no question can afterward be raised. This proposition is too clear for argument, and needs no reference to authorities.

The order appealed from must be affirmed, with costs, including printing disbursements.

The appeal can hardly be treated as an appeal from the judgment, and so far has been treated and disposed of as an appeal simply from an order denying a new trial upon affidavits.

LEARNED, P. J., concurred.

RUMSEY, J.:

I concur, because it does not appear that any harm has come to the defendant by reason of the presence on the jury of the two persons who were related to the plaintiff. The rule, as settled by authority, seems to be that while the relationship of a juror to a party is ground of challenge for principal cause, yet if the objection is not taken when the jury is impanneled, the presence of the disqualified juror is not ground for a new trial, although the disqualification was not known to the defeated party, unless it appears he was actually prejudiced by it. ( *Woodward* v. *Dean*, 113 Mass., 297, and cases cited; *Rollins* v. *Ames*, 9 Am. Dec., 79, and note, pp. 81 and 82.)

Order affirmed, with costs.