## MARY A. DANIELS *vs.* CITY OF LOWELL.

Middlesex.   Nov. 14. — Feb. 27, 1885.   FIELD, DEVENS, & COLBURN, JJ., absent.

At the trial of an action against a city for personal injuries occasioned to a woman at a street crossing on Sunday evening, December 24, two policemen were allowed to testify, in defence, as to the condition of the crossing on a Sunday evening between the middle and last of December, they having been led to examine it by hearing of an accident to a woman there. *Held*, that the evidence was admissible.

In an action against a city for personal injuries occasioned to the plaintiff by a defect in a highway, if the jury are directed that, if there are any residents or taxpayers in the city on the jury, such should leave their seats, and the plaintiff does not move to have them examined on oath, under the Pub. Sts. c. 170, § 35, he is not entitled, after a verdict for the defendant, to a new trial, as matter of law, although he was ignorant until after the verdict that one of the jurors was a taxpayer in the city.

TORT for personal injuries occasioned to the plaintiff by a defect in a highway in the defendant city.   At the trial in the

Superior Court, before *Rockwell*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*W. H. Anderson*, for the plaintiff.

*N. D. Pratt*, for the defendant.

HOLMES, J.  1. The accident to the plaintiff happened at a street crossing on Sunday evening, December 24, 1882. Two policemen were allowed to testify as to the condition of the same crossing on a Sunday evening between the middle and last of December, 1882, they having been led to examine it by hearing of an accident to a woman there. The evidence was clearly admissible. There was quite enough to warrant the inference that it referred to the occasion in question. If the jury had thought that it referred to a different Sunday, they no doubt would have disregarded it.

2. The direction to the jury, that, "if there were any residents or taxpayers in Lowell on the jury, such would leave their seats," did not preclude the plaintiff from moving the court to examine them on oath, or deprive her of her right of challenge. Pub. Sts. *c.* 170, § 35. As she did not avail herself of the means of inquiry afforded her by the statute, she is not entitled to a new trial, as matter of law, notwithstanding her ignorance that one of the jurors was a taxpayer in Lowell until after the verdict. *Woodward* v. *Dean*, 113 Mass. 297. *Smith* v. *Earle*, 118 Mass. 531. *Wassum* v. *Feeney*, 121 Mass. 93.

*Exceptions overruled.*