TIMOTHY RYAN *vs.* THE RIVERSIDE AND OSWEGO MILLS.

A litigant who goes to trial before a jury without making inquiry as to the qualifications of the jurymen, cannot, after a verdict against him, have a new trial because one of the jury was legally disqualified to act.

The omission of inquiry is a waiver of all objection on account of disqualification.

DEFENDANT'S petition for a new trial.

*January* 22, 1887.   DURFEE, C. J.   This is a petition for the new trial of an action tried to a jury in the Court of Common Pleas.   The only ground for new trial assigned is that one of the jurors was not qualified, and that the want of qualification was not known to the petitioner or his counsel until after verdict.   The petition does not allege that the petitioner inquired as to the matter before trial and was misinformed, and we may therefore presume that he went to trial without such inquiry.   The question presented is not a new one.   It was substantially raised in this court twenty years ago in a case not reported, and the court then decided, after careful consideration, that the petitioner was not entitled to a new trial.   The reason is, a party who goes to trial without such inquiry thereby waives the objection, since he cannot be permitted first to run his chances with the jury, and then, if he loses his case, to take advantage of the objection.   The fact that the right of jury trial is constitutional, does not preclude the waiver.   The following cases, cited for the respondent, illustrate the rule: *Wassum* v. *Feeney*, 121 Mass. 93 ; *State* v. *Jackson*, 27 Kans. 581, 41 Amer. Rep. 424 ; *Daniel* v. *Guy et al.* 23 Ark. 50 ; *United States* v. *Baker*, 3 Benedict, 68 ; *Hollingsworth* v. *Duane*, 4 Dall. 353 ; *State* v. *Quarrel*, 2 Bay, 150, 1 Amer. Decis. 637 ; *Orcutt* v. *Carpenter*, 1 Tyler, 250, 4 Amer. Decis. 722.   Some of these cases are very strong.   The juror in *Wassum* v. *Feeney* was a minor; in *Hollingsworth* v. *Duane*, an alien; and in *State* v. *Jackson* the juror was under disability for having borne arms against the government during the rebellion, and the petitioner was convicted of murder.   And see *Amherst* v. *Hadley*, 1 Pick. 38, 41, 42.   The case of *Wassum* v. *Feeney* contains a very full examination of the subject on authority.   The petitioner cites cases which show that some courts have decided dif-

ferently, but we think the weight of authority is with the former decision of this court, which we adhere to.

*Petition dismissed.*

*George J. West*, for plaintiff.
*Robert W. Burbank*, for defendant.