WILLIAM A. FISKE *et al.*, Appellants, *vs.* GEORGE T. PAINE, Executor, *et al.*

The verdict of a jury sustaining a contested will, will not be set aside as for a mistrial of the cause for the reason merely that the father of the foreman of the jury was a taxpayer in a town for the support of whose poor a bequest was given by the will in trust.

Assuming that the father had any interest in the suit because the administration of the trust would reduce his tax, it is too remote and trifling to raise any presumption that it could have influenced the conduct of the son as a juror: But

*Query*, whether the bequest can be applied to the support of persons receiving public aid, and thus, by reducing taxes, benefit the taxpayers rather than the poor.

After the expiration of a year from the trial of a cause, the time limited by statute for filing a petition for a new trial, a statement of the evidence given at

the trial, but not allowed by the judge who tried the cause, as required by a rule of practice, cannot be filed with the petition for a new trial which had been preferred within the limited time.

Where a party elects to have his petition for a new trial heard without the evidence given at the trial of the cause, he cannot afterwards make its absence a ground for a rehearing of his petition.

APPELLANTS' petition for a new trial.

*April* 19, 1894. STINESS, J. At the September Term, 1892, of this court, in the county of Kent, the appellants contested the validity of the will of the late Horatio N. Waterman of Coventry. A verdict was rendered sustaining the will, which gave the *residuum* of the estate to the Town Council of Coventry, in trust for the support of the poor of said town. The appellants now petition for a new trial upon the ground that the foreman of the jury was the son of a taxpayer in said town, and so disqualified, by relationship, from serving as a juror; which disqualification entitles them to have the verdict set aside as for a mistrial. The argument is based upon the assumption that the father, as a taxpayer in Coventry, was a party in interest to the suit, because the bequest will relieve him from a portion of the taxes which he is now obliged to pay for the support of the poor of the town, and being a party in interest he would be incompetent as a juror, and his son equally so, by reason of relationship. Such an assumption in this case, however, is, to say the least, a doubtful one. A gift to the poor does not necessarily mean a gift to paupers. There are many poor people, worthy of aid, who are not a charge upon the town. It does not follow, therefore, that the administration of the trust will reduce taxation for the support of the poor. Indeed, bequests of this kind have been construed not to apply to persons receiving public aid, for the reason that, if so applied, they would simply ease taxes, and so benefit the property owners rather than the poor. *Attorney General* v. *Clarke*, Ambl. 422; Tyssen on Charitable Bequests, 141. A gift for an educational institution or a hospital might to some extent relieve the town in its duty to provide sufficient schools or to care for the poor, and yet it can hardly be

claimed that a taxpayer of the town would on that account, in all cases, be disqualified to serve as a juror. Out of abundant caution he might properly be excused, but it is quite another thing to say that he is absolutely disqualified. It is a very different case from that of suit for damages which must be paid by a tax, and some portion of it out of the taxpayer's pocket. But as this question has not been fully argued, we will not decide the petition upon this point. We are impelled to refer to it lest silence be taken as an authoritative implication that the assumption which has been made is correct, and that the town is to be regarded as the real beneficiary under the will by administering the trust solely for its own relief in the support of its paupers.

Assuming, then, for the purposes of this case, that Fenner Kent, the father of the juror, is to be regarded as having an interest in the result of the suit, the question comes whether, under the circumstances, there was a mistrial because Herbert H. Kent, his son, sat as a juror in the trial of the cause. The elaborate briefs which have been presented show that cases have been numerous in which questions of this kind have been made, and that decisions have been various. Some courts have seen the color of interest in remote shadings, and have applied the rule of consequent disqualification very strictly; others have held that, after full trial, a verdict will not be disturbed unless it appears from the circumstances of the case that some injustice has been done by reason of an interest of which the complaining party did not know, and which, by reasonable diligence, he could not avert. We think the better reason is with the latter class of cases. Interest on the ground of taxation is, nowadays at any rate, more of a theoretical than practical disqualification. Municipal requirements are so large that money saved in one way is usually expended in another, and individual interests are so small that it would be a very peculiar case which would make any appreciable difference to the taxpayer. But two principles are involved; one affecting the parties, that they should have a fair and impartial trial; another affecting the public, that, after such a fair trial, there should be an end of

litigation. If the rule as to relationship is to be strictly followed, in all cases, we must go; according to the common law, to the ninth degree, and 3 Chitty's General Practice, 795, note (*c*), says even beyond that. Now, in these days, when taxable interests are so widely spread, if every trial must be set aside in which a juror related to a taxpayer of an interested town has participated, although the relationship may have been so remote and the interest so small as not to occur to him at the trial, such a rule will be both inconvenient and obnoxious. The administration of public justice does not demand it, but rather demands the contrary; and the right of the party does not demand it, if he has had a fair and impartial trial. This was the substance of the decision of the court in *State* v. *Congdon*, 14 R. I. 458. See also *Cole* v. *Van Kuren*, 51 How. Pr. 451; *Simmons* v. *McConnell*, 86 Va. 494; *Spicer* v. *Fulghum*, 67 N. C. 18; *Woodward* v. *Dean*, 113 Mass. 297. The petitioner claims that a distinction should be made between disqualifications *propter defectum*, e. g. alienage, non-residence, non-taxpaying and the like, and disqualifications *propter affectum*, e. g. relationship, interest and the like, which go to the impartiality of a juror. While these terms are highly descriptive, they are also purely technical. They should not be taken to mark an arbitrary line, on one side of which a mistrial lies, but on the other side not. The court should consider whether the right of a party to a fair and impartial trial has been prejudiced, and decide accordingly, whether the alleged disqualification be *propter defectum* or *propter affectum*. Such was the case in *State* v. *Congdon*, *supra*, where, after conviction for manslaughter, the court refused to grant a new trial on the ground of relationship of a juror to the deceased, which was remote, in the sixth degree, and which was not shown to the satisfaction of the court to have been known to the juror at the time of the trial. The court laid down the rule that a petition for a new trial, on the ground that a juror was disqualified by relationship, is not granted as of course, but is addressed to the discretion of the court; and if this be the rule in a criminal case, it should certainly be applied in a

civil case.  The decisive test is the fact of a fair trial.  One of the elements of such a test is the directness and extent of the interest alleged.  In this case the interest is of the most indirect and infinitesimal character.  It is that of a man who does not live or pay taxes in the town involved in the suit, and whose father's tax at the time, for the support of the poor, if it were to be wholly cancelled by the bequest, amounted to only eighty cents per annum.  We cannot bring ourselves to think that any juror could be effected by an interest so remote and trifling.  Another element is the opportunity of a party to avoid the difficulty; for if one forbears inquiry until after he has taken the chance of a trial, he cannot then be permitted to say that the trial, on that account, was not fair.  In this case the usual inquiry was made whether the jurors were related to the parties, naming the executor, the heirs and the town of Coventry.  The appellants argue that the juror Kent was guilty of misconduct because he did not disclose the fact that his father was a taxpayer in Coventry.  We do do not think that the juror is to be blamed because it did not occur to him to state that fact. In an experience of thirty years, at bench and bar, the members of the court do not recall a case where the inquiry of interest has been pressed to this extent.  It probably would not have occurred to either of them at the trial, and much less should it be expected of a juror.  Nevertheless, the appellants had full opportunity to make the inquiry of the jurors called, if they had deemed it to be material, and having failed to do so, it is not now a ground for a new trial. The return of jurors was filed in the clerk's office nearly six weeks before the trial, giving them ample time for investigation, although this was hardly necessary, when the matter could have been determined by a simple question.  For authorities on this point it is sufficient to cite the following : *Ryan* v. *Riverside & Oswego Mills*, 15 R. I. 436 ; *State* v. *Cosgrove*, 16 R. I. 411 ; *Daniels* v. *Lowell*, 139 Mass. 56 ; *Wassum* v. *Feeney*, 121 Mass. 93 ; *Harrington* v. *Manchester & Lawrence Railroad*, 62 N. H. 77 ; *United States* v. *Baker*, 3 Benedict, 68 ; *McDonald* v. *Beall*, 55 Ga. 288.    It

is impossible to review the exhaustive and respectable array of authorities cited by the appellants. It is enough to say, for the reasons already given, that those which hold that the fact of an interest in a juror necessarily works a mistrial we do not agree with; and those where the courts in their discretion have granted a new trial because of an interest of such a kind as to show or to raise a presumption of prejudice on the part of a juror are not controlling in this case, because that kind of an interest does not appear. The bare fact of the alleged interest does not raise the presumption; we have no record of the testimony adduced, and, for aught that appears, the evidence may have been overwhelmingly in favor of the will. At any rate, we have no right to presume that it was not sufficient.

The petition for a new trial must, therefore, be dismissed.

After the above opinion, the appellants move for a rehearing of the petition and for leave to file therewith a statement of the evidence given at the original trial of the cause.

*June* 28, 1894. STINESS, J. We think that the petitioner is not entitled to a rehearing upon the first allegation in the petition, viz., that the court misapprehended the grounds upon which his petition for a new trial was based. A restatement of those grounds at this hearing shows that they were fully considered and deliberately passed upon in the opinion given on the petition for a new trial.

The second allegation of cause for a rehearing embraces a motion for leave to file a statement of the evidence given at the original trial, so that the court may inspect it to ascertain whether injustice was done, and thereupon exercise its discretion to grant a new trial. To this the defendants object, that a report of the evidence cannot now be filed after the expiration of the year allowed by statute, Pub. Stat. R. I. cap. 221, § 8, such report not having been allowed as required by Rule of Practice No. 29; that the new matter proposed to be introduced was known to the petitioner before his hearing on the petition for a new trial, and having elected to have his hearing without the evidence, assuming that it ·

could have been introduced, he cannot now make the absence of it a ground for another hearing.

We think that these objections are well taken. It has been repeatedly held that under the rule of the court, which has been in force for more than forty years, no motion or petition for a new trial based upon the evidence shall be heard, unless it be accompanied by a statement of the evidence which has been presented to the judge who tried the case, within the prescribed time, and allowed by him, or otherwise proved according to the statute. See Pub. Stat. R. I. cap. 220, § 17. *Chafee* v. *Sprague,* 15 R. I. 135 ; *Peck* v. *Parkis,* 8 R. I. 364 ; *Olney* v. *Chadsey,* 7 R. I. 224 ; *Potter* v. *Padelford,* 3 R. I. 162.

The purpose of this rule was to secure certainty in the report of testimony, by requiring it to be made while the matter was fresh in the minds of the judge and the parties and also to prevent a re-trial of the case in the court above in the attempt to show what the testimony was. While the recent reports of testimony by official stenographers now affords less reason for the rule than formerly, the court is unable to modify the rule on that account, because it has been made a part of the statute. Judiciary Act, cap. 31, §§ 6, 7. The petitioner had a year within which to present his petition for a new trial, but he does not bring himself within the rule in force for the first ten months of the year, nor within the statute at the time his petition was filed. This is sufficient to decide the present application.

But another objection is equally fatal, and it stands upon a higher ground. It is the one already stated that having elected to have his hearing without the evidence, he cannot now make the absence of it a ground for another hearing. Such was the decision in ·*Hayes* v. *Kenyon,* 7 R. I. 531, where it was held that the court will not entertain a second application for a new trial by the same party in the same cause upon a ground known to him at the time the former application was submitted. The reasons for this doctrine were fully set forth in the above case and they are equally applicable to a petition for a rehearing as to a petition for a

new trial.   See also *Cudahy* v. *Rhinehart,* 133 N. Y. 675. But the petitioner contends that he had no reason to introduce the evidence until the court said, in its opinion, that there was no proof of injury, hence injury would not be presumed from the mere fact of interest ; and there being no record of the testimony, it might have been overwhelmingly in favor of the will, or at least, the presumption should be that it was sufficient.   We think this excuse is without foundation.   The petitioner assumed, on his petition, that he must show both interest and injury to be entitled to a new trial ; but he argued that injury should be presumed from the fact of interest *propter affectum* ; which is equivalent to saying that such interest being shown a new trial must follow.   In denying this proposition we announced no new doctrine, but simply followed that which had been laid down in *State* v. *Congdon,* 14 R. I. 458.   If, therefore, there were peculiar reasons to infer injury from the testimony they should then have been shown, the court having stated in that case the presumption which must be drawn from the absence of testimony.

We fail to see any ground upon which we should be authorized to grant a rehearing, and hence the motion must be denied.

*Charles J. Arms,* for appellants.

*Thomas C. Greene & Ezra K. Parker,* for appellee.