HANNAH M. A. HATHAWAY, *vs.* CARRIE F. REYNOLDS.

APRIL 19, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Jurors.  New Trial.*

Where on petition for new trial, on the ground that one of the jurors was not indifferent in the cause and had held a conversation with the husband of the plaintiff during the course of the trial the trial court passed on the question and denied the petition his action will not be disturbed unless it is shown that he abused his discretion.

(2)  *Evidence.  Rumor.*

The admission of testimony as to a *rumor* around a neighborhood in regard to certain facts and that it was *rumored* that the gossip had its origin with defendant, constituted reversible error.

*(3)  Evidence.  Remoteness.*

Evidence in an action for slander that defendant had at some time between six and ten years before the time alleged in the declaration made certain statements was too remote to be admissible, where it did not appear that defendant had thereafter habitually made similar statements up to within a reasonable time before the date alleged in the declaration.

TRESPASS ON THE CASE for slander.  Heard on exceptions of both parties.  .Exception of plaintiff overruled and exceptions of defendant sustained.

RATHBUN, J.  This is an action of trespass on the case for slander.  The trial in the Superior Court resulted in a verdict for the plaintiff for $1,500.  The defendant made a motion for a new trial.  The trial court refused to disturb the findings of the jury on the question of liability but found that the amount of damages awarded was not supported by the evidence and granted a new trial unless the plaintiff should remit all damages in excess of $1,000.  The plaintiff did not file a remittitur but excepted to the decision of said justice.

The case is before this court on plaintiff's exception to the decision granting a new trial and on defendant's exception to the refusal of said justice to grant a new trial without condition; also on certain exceptions of the defendant taken to the rulings of the court during the trial.

The declaration alleges that the defendant in the presence and hearing of divers persons charged the plaintiff, a married woman and mother of children, with adultery and unchastity, by addressing the plaintiff as follows: "You haven't a young one that belongs to your own husband."

The plaintiff and defendant are' sisters.  On Sunday morning, July 4th, 1920, the plaintiff accompanied by two children and Mrs. Sarah E. Abbott, whose husband was a cousin of the parties, called at the back door of the defendant's home, which is in a rural section.  The defendant invited the visitors to enter the house but the invitation was declined.  It is clear from the testimony that the parties quarreled almost continuously from the beginning to

the end of the visit, which occupied a period of about ten minutes. The plaintiff contends that during the course of the visit the defendant uttered the words of which she complains. The defendant and her husband denied that the words of which the plaintiff complains were spoken by the defendant.

The defendant's motion for a new trial was made on the usual grounds and also on the ground that Charles G. Cherry, one of the jurors on the panel which tried the case, was a second cousin of the plaintiff's husband and also on the ground that the plaintiff's husband held a conversation with said juror at some time during the course of the trial. It appears that the defendant did not learn until after the verdict was rendered that the juror Cherry was a cousin of plaintiff's husband. Affidavits were filed stating that no friendly or social relations existed, or ever existed, between either the plaintiff or her husband and said Cherry. The trial justice found that the juror Cherry was "indifferent in the cause." If said justice had made the same finding when the juror was called it would have been within the discretion of said justice to permit the juror to serve. G. L. 1909, Chap. 279, Section 37, is as follows: "The court shall, on motion of either party in a suit, examine on oath a person who is called as a juror therein, to know whether he is related to either party, or has any interest in the cause, or has expressed or formed an opinion, or is sensible of any bias or prejudice therein; and the party objecting to the juror may introduce any other competent evidence in support of the objection. If it appears to the court that the juror does not stand indifferent in the cause, another shall be called in his stead for the trial of that cause." After affidavits were presented by both parties said justice carefully considered the question whether the juror's relationship to the plaintiff's husband caused the juror to "stand" not "indifferent in the cause." It was his duty to pass upon this question and nothing has been suggested to indicate that he abused his discretion in refusing to grant a

new trial on this ground. Said Section 37 is substantially the same as a statute in force in Massachusetts. In *Woodward v. Dean*, 113 Mass. 297, the defendant after verdict for the plaintiff discovered that one of the jurors on the panel which rendered the verdict was the husband of the plaintiff's niece. The court said: "The evident object of this enactment is that the question whether the jurors summoned can impartially try the case shall be ascertained and determined before the trial proceeds. A party against whom a verdict has been rendered, who has not seasonably availed himself of the means of inquiry thus afforded him, may indeed, upon proof to the satisfaction of the court that a juror did not stand indifferent, by reason of facts unknown to the party until after the verdict, be granted a new trial or review at the discretion of the court; but he is not entitled to it as matter of law, and has no right of exception if it is refused," citing authorities. See *State v. Congdon*, 14 R. I. 458.

The conversation between the plaintiff's husband and the said juror was of short duration and in a public waiting room at a railroad station in the presence of numerous witnesses. It does not appear that the cause between the parties was mentioned or that any attempt was made to tamper with the juror. In his rescript the court said: "The Court is of the opinion that neither the relationship nor the conversation in any way affected the result arrived at by the jury, and feels that the motion for a new trial on this ground should be denied."

The defendant excepted to the admission of the following testimony given by the plaintiff: "Q. Can you state whether or not there was a rumor or has been a rumor,— strike that out please—whether or not, Mrs. Hathaway, there has been a rumor in and around Slocum's as having originated with your sister to the effect that your children were not fathered by your husband? A. Yes, sir. Q. And had that rumor been called to your attention on more than one occasion before July 4th, 1920? A. Yes, sir." Rumor

has even less probative value than hearsay which has the
(2) merit, at least, of stating the author of the tale which is
repeated  The effect of this testimony is not only that there
had been a rumor that the plaintiff's husband is not the
father of her children but also that it is rumored that the
gossip had its origin with the defendant.   The admission of
this testimony was error and was prejudicial to the de-
fendant.   See 16 Cyc. 1213.

Defendant also excepted to the testimony to the effect
that the defendant had at some time between six and ten
years before the time alleged in the declaration stated that
the plaintiff's husband was not the father of one of her
(3) children.   Such testimony was too remote to be admissible
as it did not appear that the defendant had thereafter
habitually made similar statements up to within a reason-
able time before the date alleged in the declaration.

Plaintiff's exception is overruled, said exceptions of the
defendant to the admission of testimony are sustained and
the case is remitted to the Superior Court for a new trial.

*Huddy, Emerson & Moulton*, for plaintiff.
*Benjamin W. Grim*, for defendant.