LETTIE LIERMANN *vs.* VITO CARADONNA.

PETER LIERMANN *vs.* SAME.

MARGARET ROGERS *vs.* SAME.

EDWARD ROGERS *vs.* SAME.

Norfolk. Suffolk. December 4, 1935. — December 31, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Jury and Jurors. Practice, Civil,* New trial.

G. L. (Ter. Ed.) c. 234, § 32, was applicable in an automobile tort action wherein the plaintiff's counsel based a motion for new trial upon the alleged grounds that he had refrained from peremptorily challenging

one of the jurors in reliance upon his jury listing as "merchant" and that he had first learned. after a verdict for the defendant that the juror was a life insurance agent, but the trial judge found that the plaintiff was not injured by the erroneous listing and that his right of peremptory challenge was not "rendered less valuable" thereby; and no impropriety appeared in the denial of the motion.

FOUR ACTIONS OF TORT. Writs dated May 25, 1931.

The actions were tried in the Superior Court before *Pinanski*, J. In each action, there was a verdict for the defendant and the plaintiff alleged exceptions to the denial of a motion for new trial.

*F. R. Walsh*, for the plaintiffs.

*E. R. Langenbach*, for the defendant.

CROSBY, J. These four actions of tort were heard together. They arise out of a collision of automobiles. The jury returned a verdict for the defendant in each case.

It appeared that the occupation of one of the jurors who heard the cases was set forth on the list of jurors furnished counsel for the plaintiffs by the clerk of the court, and upon the ballot required by G. L. (Ter. Ed.) c. 234, § 25, as a "merchant," although at the time he served on these cases he was in fact an agent of two life insurance companies, and had been listed for a long time previously as such an agent in certain public directories. Each plaintiff duly filed a motion for a new trial, together with an affidavit in support thereof, identical in each case. The grounds upon which each motion was based in substance were that the verdict was against the evidence and the weight of the evidence; that the verdict was against the law applicable to the case; that there was an irregularity in the impanelling of one of the jurors who sat in the case, in that his occupation was erroneously described; that the plaintiff's counsel relied upon and believed the statement of his occupation to be true, and for that reason did not challenge this juror when his name was drawn to serve on the panel; that subsequent to the return of a verdict for the defendant in each case the plaintiff first learned that this juror was in the insurance business, and was listed as such agent in certain directories; that the occupation of the juror designated on the jury list was

false and known by him to be false, but that he failed to make known to the proper authorities his true occupation. At the hearing upon the motions for new trial, each plaintiff filed twelve requests for rulings of law, identical in each case. Thereafter the judge filed a statement of facts and rulings on these motions. He found that the juror Karl S. Pfaffman at the time he served as a juror on these cases was a life insurance agent of two named companies, and had been listed for a long time past as such agent in certain public directories; that there was no evidence before the court as to his other occupation, if he had any. The judge stated that he did not find that the plaintiffs had been injured, or that damage had resulted to any of them "upon the facts as . . . [he found] them in connection with the allegations in paragraph 3 of the motion for a new trial in each of these cases." He further stated: "I do not find that the statutory right of peremptory challenge was rendered less valuable to any of the plaintiffs by reason of the fact that the list of jurors furnished to counsel by the Clerk did not designate the juror Pfafmann's [*sic*] occupation as 'life insurance.'" In view of the above findings he did not deem it necessary to pass upon the plaintiffs' requests for rulings on the motions for a new trial and in the exercise of his discretion he denied his motions, without costs. Each plaintiff excepted to the denial of his motion and to the refusal of the judge to rule upon and to give his requests for rulings.

G. L. (Ter. Ed.) c. 234, § 32, provides as follows: "No irregularity in a writ of venire facias or in the drawing, summoning, returning or impanelling of jurors shall be sufficient to set aside a verdict, unless the objecting party has been injured thereby or unless the objection was made before the verdict." This statute is applicable to the present case. No objection was made to the drawing, summoning, returning or impanelling of the juror in question before the verdict. There was no error in the name of said juror as it appeared on the ballot; his residence was there given as Quincy, and his occupation as merchant. So far as appears it was correct. If the plaintiffs were not satis-

fied as to this juror's occupation they had an opportunity to make inquiry concerning it when his name was drawn, and before the trial began. In the case of *Wassum* v. *Feeney*, 121 Mass. 93, it was said by Chief Justice Gray speaking for the court on page 94: "The juror in question, being under twenty-one years of age, was not qualified as the statutes require. . . . But his name being upon the list of the jurors returned and empanelled, the defendant had the opportunity, by proper inquiry, of ascertaining any grounds of objection to him, and might have challenged him before the trial began. When a party has had an opportunity of challenge, no disqualification of a juror entitles him to a new trial after verdict." This convenient and necessary rule was applied in *Jeffries* v. *Randall*, 14 Mass. 205, and *Woodward* v. *Dean*, 113 Mass. 297.

The plaintiffs cite the case of *Searle* v. *Roman Catholic Bishop of Springfield*, 203 Mass. 493. The facts in that case are plainly distinguishable from those appearing in the present case.

As the motions for a new trial were addressed to the discretion of the trial judge no error of law appears in their denial. *Manning* v. *Boston Elevated Railway*, 187 Mass. 496, 499.

*Exceptions overruled.*