## SARAH A. RICHARDS *v.* DAN. P. MOORE.

*Juror, Disqualification of. Alien. Practice. Motion to set aside Verdict.*

1.  Alienage is a disqualification of a juror; and a verdict rendered by jurors, when one of them was an alien, will be set aside on motion of the defeated party, if the disqualification was unknown to him and his counsel.

2.  Prior alienage is presumed from naturalization; thus, when one was naturalized after he acted as a juror, it was presumed that he was an alien before he acted; especially when it was found that he became a citizen by naturalization, and was of foreign birth.

3.  The burden is on the defendant to show the alienage of the juror.

MOTION to set aside a verdict on the ground that one of the jurors was an alien. Heard April Term, 1887, Ross, J., presiding. Motion *pro forma* overruled, and judgment rendered on the verdict. The facts appear in the opinion.

*H. C. Adams* and *Geo. A. Ballard*, for the defendant.

The presumption of citizenship drawn from the fact of residence, ceases when the fact of foreign birth appears. So does

the presumption of the regularity of a verdict, which only amounts to this, that irregularity will not be presumed. 2 Best, Ev. 360. The burden of proof then shifts. The probative force of the fact of residence is not equal to that of foreign birth. Birth creates citizenship in the country of birth.

The presumption of alienage drawn from foreign birth, is continuous and conclusive unless met by proof that the disability has been removed by some method known to the law. *Farr* v: *Payne*, 40 Vt. 615 ; 1 Greenl. Ev. s. 41 ; 2 Best, Ev. ss. 273, 405 ; 9 Reporter, 265 ; *Quinn* v. *Halbert*, 52 Vt. 353. The rule of the common law was that the place of birth determined the question of citizenship, with the exception of children of ambassadors. *Calvin's Case*, 7 Co. 1 ; *McIllain* v. *Coxe's Lessees*, 4 Cranch, 209.

*Powell & Brown* and *Cross & Start*, for the plaintiff.

The statute disqualifications of jurors must be taken advantage of by challenge ; and the fact that a disqualified juror is allowed to participate in the trial of a case is not cause for setting aside the verdict, especially in civil cases. Proffatt, Jur. s. 172 ; Thomp. & M. Jur. s. 304 ; 8 Cent. Rep. 746 ; *Hassum* v. *Feeney*, 121 Mass. 93 ; *State* v. *Jackson*, 27 Kan. 581 ; *Croy* v. *State*, 32 Ind. 384 ; *State* v. *White*, 68 N. C. 158 ; *State* v. *Vogel*, 22 Wis. 471 ; *United States* v. *Gale*, 109 U. S. 65 ; *Green* v. *State*, 59 Md. 123 ; *Woodward* v. *Dean*, 113 Mass. 297. The defendant must overcome by proof the presumption that the juror was competent. Hilliard, New Trials, s. 3, c. 9 ; *People* v. *Chase*, 27 N. Y. 45, 63, 74 ; *People* v. *Pease*, 30 Barb. 588 ; *Egbert* v. *Greenwault*, 38 Am. Rep. 360 ; *Hammond* v. *Noble*, 57 Vt. 193.

To satisfy the court that the juror was not a citizen, it is not sufficient to prove that he was born in Ireland and was never naturalized. Proffatt, Jur. s. 116. It must be proved that his father was not a citizen by birth. U. S. Stat. s. 2172. Also that his father never made application to be

naturalized. U. S. Stat. s. 2168. See *Wilmington* v. *Bur-lington*, 4 Pick. 173 ; 1 Pick. 247, n. 3 ; 5 Cow. 320 ; *Union* v. *Plainfield*, 37 Conn. 563 ; Abb. Tr. Ev. p. 91, n. 14 ; Whar. Ev. s. 208 ; *Hammond* v. *Noble*, 57 Vt. 193 ; 53 N. Y. 556.

The opinion of the court was delivered by

TAFT, J. The defendant moved the court below to set aside the verdict upon the ground that Conner, one of the jurors, was an alien. If he was, the proof showing that that fact was unknown to the defendant and his counsel, until after the trial, the motion should have been granted. *Quinn* v. *Halbert*, 52 Vt. 353. The counsel for the plaintiff have shown diligence in citing thirty-nine authorities from other jurisdictions to show that the disqualification of the juror could only avail the defendant as a cause of challenge, evidently overlooking the cases in our own State, in which a contrary doctrine has been established. *Briggs* v. *Georgia*, 15 Vt. 61 ; *Mann* v. *Fairlee*, 44 Vt. 672 ; *Quinn* v. *Halbert, supra*. The competency of the juror will be presumed until the contrary is shown ; and it is incumbent upon the defendant to show the alienage of the juror. *Hammond* v. *Noble*, 57 Vt. 193. He has shown the foreign birth of the juror and his non-naturalization, by any act of his own, and the non-naturalization of his father ; and, if reputation in the family is legitimate evidence, the foreign birth of the latter. It is unnecessary to pass upon this latter question as it is not requisite to a disposition of the case. We think that irrespective of any fact (or presumption drawn therefrom) prior to the trial, that the fact shown by stipulation, that Conner was duly naturalized in 1886, subsequently to the trial, and became a citizen of the United States and of Vermont, is decisive upon the question of his alienage. Why should we not give full force and effect to the naturalization proceedings and all presumptions naturally arising therefrom. The person was foreign by birth, had never, by any act of his own, been made a citizen ; he went into court and

by due process of law was naturalized.   Is not prior alienage a logical inference from the fact of naturalization, and especially so in this case, because it is stipulated that by his naturalization he became a citizen of the United States and of Vermont?   This, by implication, is saying that he was not before a citizen.   Nothing being shown to the contrary, does not the presumption arise that prior to the proceedings he was an alien?   We think if any claim is made by the plaintiff that Conner was a citizen prior thereto, that the proceedings were sham, mere form, and of no effect, the burden was upon him to show such facts.   We think the presumption arising from the naturalization proceedings is, that prior thereto, Conner was an alien.

Judgment reversed, motion granted, verdict set aside, new trial granted, and cause remanded.