## G. A. TERRILL *v.* H. N. DEAVITT and Trustee.

### January Term, 1901.

Present: TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

#### Opinion filed April 2, 1901.

*Agreement for discontinuance of suit not a settlement*—An agreement for a consideration to discontinue a suit, and the carrying out of the agreement, do not constitute a settlement of the cause of action on which the suit is based.

*Discontinuance of a suit a consideration for payment of money*—A payment made to secure the discontinuance of a trustee suit is made upon good consideration.

*Statute of limitations—New promise not implied from a payment of money for the discontinuance of a trustee suit*—A new promise cannot be implied from a payment made to secure the discontinuance of a trustee suit, brought on a note, when there is no intention on the part of the payor to make the payment on the note, though the payee without the knowledge of the payor endorses on the note a part of the money so paid.

ASSUMPSIT on a promissory note. Pleas, the general issue and the statute of limitations. Trial by court, Chittenden County, March Term, 1900, *Taft,* C. J., presiding. Upon the facts found by the court judgment was rendered for the plaintiff. The defendant excepted.

*H. F. Wolcott* for the plaintiff.

*Henry Ballard* and *H. N. Deavitt* for the defendant.

WATSON, J. This action is brought to recover the amount of a promissory note given for one hundred and thirty-eight dollars and seventy-eight cents, dated May 18, 1883, payable to the plaintiff one day after date, signed by the defendant, and purporting to be witnessed. The defendant pleaded the statute of limitations of six years, also of fourteen years. In September, 1893, eleven dollars and seven cents were endorsed on the

note, but whether there was a payment made on the note at that time by the defendant, and if there was, whether it was such a payment as removed the statute bar, are questions before this court.

On June twenty-nine, 1893, the plaintiff brought suit to recover the amount of the note, and therein several trustees were summoned. In September, 1893, the plaintiff's counsel and the defendant agreed that if the defendant would pay twenty-five dollars in cash, the suit should be discontinued. The payment was made and the suit was discontinued. In the summer of 1899, plaintiff's counsel obtained a memorandum of the costs in that case and applied in payment thereof thirteen dollars and ninety-three cents of the twenty-five dollars, and just before the bringing of the suit at bar, he endorsed the rest of the twenty-five dollars, being eleven dollars and seven cents, on the note as a payment made thereon in September, 1893. The getting of the memorandum of costs and the making of this endorsement on the note were without the knowledge or consent of the defendant. When the former suit was brought and discontinued, the note was the only claim the plaintiff had against the defendant. The suit at bar was brought within six years after the agreement for the discontinuance of the former suit, but not within fourteen years after the note became due. Judgment was rendered for the plaintiff to recover the amount due upon the note, to which defendant excepted.

It is contended by the defendant that this agreement and the carrying out of the same constitute a settlement of the suit and of the cause of action on which it was based; but we think this contention is unsound. The agreement was to discontinue the suit and it had that effect. The cause of action remained unsettled, and the plaintiff was at liberty to bring another action thereon: 1 Chitty Pl. 198.

It is argued in behalf of the plaintiff that by the payment of the twenty-five dollars, the defendant paid the costs of the former suit, and made a payment also upon the note; and upon this payment the plaintiff relies to remove the statute bar. The record shows that in consideration of the payment of the twenty-five dollars, the plaintiff's counsel agreed to discontinue the suit, and that such agreement was carried out. It was no part of the agreement to make a payment upon the note, and it does not appear that any was made. The discontinuance of the suit was a release of the attachment of the goods, effects and credits, if any there were, in the hands of the trustee; and it was a good and sufficient consideration for the payment made by the defendant: 6 Ency. of Law, 747-748. The statute bar could not be removed by the plaintiff's endorsing on the note, without the knowledge or consent of the defendant, a part of the money so paid; for a new promise can not be implied from a payment unless there was an intention on the part of the debtor to make such payment upon the debt sought to be enforced. *Austin* v. *McClure*, 60 Vt. 452. It was immaterial therefore whether the note was witnessed at the time of its execution and delivery or not; for in either event the action was barred by the statute.

*Judgment reversed, and judgment for the defendant to recover his costs.*