### EDGAR C. SMITH *vs.* DAVID M. EARLE.

Worcester.    October 7. — 11, 1875.    WELLS & AMES, JJ., absent.

A party who has not challenged a juror or claimed the right to have him examined under the Gen. Sts. c. 132, § 29, is not, as matter of law, entitled to a new trial because of the juror's relationship to the counsel of the other party, although, without fault, he was ignorant of the fact until after verdict; and no exception lies to the refusal of the presiding judge to grant a motion to set aside the verdict cn that ground.

MOTION FOR A NEW TRIAL. After verdict for the defendant, in the Superior Court, in an action of replevin, the plaintiff

moved that the verdict be set aside, for the reason, among others, that one of the jurors who tried the case was a brother of the counsel who tried the case for the defendant, this fact being unknown to the plaintiff or his counsel until after the verdict was returned. The defendant admitted the facts to be as above stated; but *Colburn*, J., ruled that this was not a sufficient cause for setting aside the verdict, and overruled the motion. The plaintiff alleged exceptions.

*H. L. Parker*, for the plaintiff.

*W. A. Williams & J. R. Thayer*, for the defendant.

BY THE COURT. The plaintiff, not having claimed the right to have the juror examined before the trial, under the Gen. Sts. c. 132, § 29, has no right of exception to the refusal of the presiding judge to set aside the verdict for the cause alleged. *Woodward* v. *Dean*, 113 Mass. 297. *Exceptions overruled.*