## WILLIAM J. AHERN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. November 13, 14, 1911. — January 3, 1912.

Present: RUGG, C. J., HAMMOND, SHELDON, & DECOURCY, JJ.

*Negligence,* Street railway. *Police. Practice, Civil,* Conduct of trial: requests and instructions, Exceptions.

At the trial of an action of tort by a police officer against a street railway company,
there was evidence tending to show that, while the plaintiff in the exercise of
due care and in the performance of his duties was standing at the intersection
of two streets which crossed each other at right angles and upon each of which
were double tracks of the defendant with switches connecting with the tracks
upon the other street, a closed vestibuled street car of the defendant was man-
aged by its employees so negligently that for his own safety he was compelled
to step upon the left hand front step of the car, from which position he tried to
get into the car but was prevented from doing so because the vestibule door was
closed and the motorman disregarded his signals to be let in although he saw
him there, and that the car then was driven around a switch at so excessive and
dangerous a rate of speed that it came into collision with another car going
around an opposite switch, the step upon which the plaintiff stood was broken
and he was thrown to the ground. *Held,* that a verdict could not have been
ordered for the defendant, and that it could not be said as a matter of law that
the plaintiff by getting upon the car step assumed the risk of the injury which
happened, because there was evidence that he was compelled to do so by circum-
stances caused by negligence of the defendant's employees.

A police officer, charged with the regulation of traffic in a city at a crossing of streets where street cars and other vehicles pass, in order faithfully to perform his whole duty, may find himself compelled to get upon a step of a car where he may be exposed to injury and where passengers are not invited or expected to stand.

Where, at the trial of an action of tort against a street railway company for personal injuries, the defendant asked the presiding judge to rule that "all that the defendant is required to do with regard to a trespasser, is to abstain from wilfully, wantonly or recklessly exposing him to danger," and that there was "no evidence warranting a finding that the defendant was guilty of wilful, wanton or reckless negligence," and the presiding judge refused so to rule but instructed the jury that under the circumstances shown in the evidence they could not find for the plaintiff unless they found that he was in the exercise of due care and, having been compelled to be in a certain place by reason of negligence of the defendant's employees, was then injured by reason of further negligence on their part, exceptions by the defendant to the refusals so to rule must be overruled.

Where in an action at law a defendant's bill of exceptions shows that the only exceptions taken by him at the trial were to refusals of the presiding judge to make certain rulings which he asked for, possible errors in the charge to the jury cannot be considered.

TORT by a police officer, for personal injuries alleged to have been sustained by the plaintiff, who, while performing his duties at the corner of Cambridge Street and Charles Street in Boston, was compelled by negligence of employees of the defendant to get upon the step of a street car of the defendant, where he received the injuries complained of when the car through further negligence of the defendant's employees was caused to run into another street car. Writ dated October 30, 1907.

In the Superior Court the case was tried before *Bond*, J. There were double tracks of the defendant upon Charles Street which intersected at right angles double tracks on Cambridge Street, and there were switches which allowed cars to pass to and fro between the Charles Street and the Cambridge Street tracks. Other material facts are stated in the opinion. At the close of the evidence the defendant asked for the following instructions:

" (1) Upon all the evidence your verdict must be for the defendant upon all counts of the plaintiff's declaration.

" (2) Upon all the evidence the plaintiff is not entitled to recover."

" (6) Upon the fourth count of the plaintiff's declaration your verdict must be for the defendant."

" (9) The plaintiff getting upon the left hand front step of the car assumed the risk of any injury that might happen to him

while he was in that position, and cannot recover for such injury."

" (12) The plaintiff was not in the exercise of due care, if, as he stood in the street, he relied wholly upon others to see that he was not struck by a City Point car.

" (13) The evidence does not warrant a finding that the plaintiff was in the exercise of due care.

" (14) One who is injured by reason of his having assumed a dangerous position, cannot justify his act in getting into such position by showing that he did so to escape from other danger, unless he shows affirmatively that his getting into the other danger was not due to his failure to exercise ordinary care for his own safety.

" (15) The evidence does not warrant a finding that the plaintiff was justified in getting upon the left hand front step of the car.

" (16) The evidence does not warrant a finding that the plaintiff was justified in remaining upon the car of the defendant until he was struck.

" (17) A person getting upon the left hand front step of a closed street car, with a vestibule platform and the left hand door to the front vestibule closed, while the car is operating along double tracks, is a trespasser upon the car.

" (18) A police officer or patrolman has no more right than any private person to get upon a part of the car where he may be exposed to injury and where passengers are not invited or expected to ride.

" (19) The plaintiff in this case was a trespasser upon the car of the defendant.

" (20) All that the defendant is required to do with regard to a trespasser, is to abstain from wilfully, wantonly or recklessly exposing him to danger.

" (21) The defendant and its servants owed the plaintiff no duty, except to abstain from wilfully, wantonly or recklessly exposing him to danger.

" (22) There is no evidence warranting a finding that the defendant was guilty of wilful, wanton or reckless negligence."

The instructions were refused. The jury found for the plaintiff in the sum of $2,000; and the defendant alleged ex-

ceptions, which, after the death of *Bond,* J., were allowed by *Hitchcock,* J.

*A. A. Ballantine,* for the defendant.

*A. T. Smith,* for the plaintiff.

SHELDON, J.   The jury could find that the plaintiff while in the exercise of his duty in regulating the movement of càrs and of other vehicles at the corner of Charles and Cambridge streets, and while himself in the exercise of due care, standing at a place where at that time and under those circumstances he had a right to be, was approached by a car of the defendant driven in a manner which at that time and place could be found to have been negligent, and by reason of which he was obliged for his own safety to get upon the front step of the car; that this car then, going around the switch at an excessive and dangerous rate of speed, came by reason of this negligence in contact with another car going around the opposite switch, so as to break the step on which the plaintiff was standing and throw him to the ground.   The defendant's motorman who was operating the car was, according to his own testimony, aware of the plaintiff's presence upon the step and saw the other car approaching the switch; there seems to have been no dispute, certainly there was evidence, that the plaintiff could not get upon the platform of the car or higher up than the step on which he was standing, because the vestibule door was closed; and it could have been found that the motorman ought to have seen that there was immediate risk of a collision, but disregarded the signals of the plaintiff to open the vestibule door.   No doubt other findings might have been made; and it may be that a verdict for the defendant reasonably could have been expected.   But it is plain that a verdict for the defendant could not have been ordered.

As it could be found that it was by reason of the original negligence of the defendant's motorman that the plaintiff was compelled to take his position on the car step and to remain there until the collision, it could not be said as matter of law, whatever the jury might have found, that he assumed the risks of his position.   The jury could say that he was not there of his own choice. It follows that the defendant's first, second, sixth, ninth, thirteenth, fifteenth, sixteenth, seventeenth, nineteenth and twenty-first requests were rightly refused.

The twelfth and fourteenth requests were given in substance.

The eighteenth request could not be given as framed. A police officer charged with the duty which was imposed upon the plaintiff might very probably, in order to perform faithfully his whole duty, find himself compelled to get upon a part of a car where he might be exposed to injury and where passengers are not invited or expected to ride. This was claimed to be the case here, and it presented a question of fact for the jury.

As to the twentieth request, the jury were instructed that the plaintiff could not recover unless he was in the exercise of due care, and in substance that this would not be so unless his getting upon the step of the car was for the reason and under the necessity that he claimed. This was more favorable to the defendant than the instruction we are considering, and so the defendant has as to this no ground of complaint. For like reasons, it cannot complain of the failure to give its twenty-second request. As the case was left to the jury, nothing more than ordinary negligence on its part needed to be proved.

As the defendant's exceptions were merely to the refusal to give its requests, we need not consider whether everything which the judge said to the jury was technically correct.

*Exceptions overruled.*