WILLIAM J. HUGHES, administrator, *vs.* WILLIAM F. WHITING.

WILLIAM F. WHITING *vs.* WILLIAM J. HUGHES, administrator.

ANNIE M. WHITING *vs.* SAME.

AUGUST BIHLER *vs.* WILLIAM F. WHITING.

Hampden. March 9, 1931. — June 23, 1931.

Present: RUGG, C.J.; CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Charge to jury, Exceptions. *Evidence,* Inference, Of intoxication.

At the trial of cross actions involving an issue, whether the driver of one of two colliding automobiles was under the influence of intoxicating liquor at the time of the accident, it appeared that such driver was killed in the accident, and there was evidence that the course of the automobile he was driving before the impact was so erratic that it justified a belief that he was intoxicated; that he fell from his position behind the driving post after the collision and when he did so a pint flask slipped down over his breast and body into a pool of blood forming on the road; that this bottle, which was produced at the trial, was nearly empty but contained a few drops of a brown liquid which looked like whiskey; that somewhat after the accident the cork was extracted and an odor of alcohol was perceived; that another similar bottle was seen in the road about half way between the two automobiles after they had come to rest, which was full of a fluid of a similar color with the drops remaining in the first; that before it could be picked up it was broken by a passing automobile; but that its neck and stopper remained and that the spilled liquid looked like and "smelled whiskey." There was no request for a ruling on the issue. The judge charged the jury in substance: "There isn't any evidence in this case that . . . [this driver] was intoxicated. There isn't any evidence in this case that he had been consuming liquor." The owner of the other automobile called the

attention of the judge to these statements and suggested modifica-
tion. No change was made and he alleged an exception. *Held*, that
    (1) Although no request for instruction had been made by the
excepting party before the charge, he was entitled to an adequate
and accurate statement of the law on the issue for the guidance of the
jury;
    (2) The charge disclosed harmful error requiring a new trial.

FOUR ACTIONS OF TORT. Writ in the first action dated
June 9, 1927; in the second and third actions, February
2, 1928; and in the fourth action, March 27, 1928.

The plaintiff in the first action and the defendant in the
third action was the administrator of the estate of John R.
Hughes. All four actions were based on the same accident
on January 9, 1927, in West Springfield on the main highway
running between Holyoke and Springfield, when a Ford
coupé being driven north by John R. Hughes came into
collision with a Lincoln coupé being driven south by an
employee of William F. Whiting, John R. Hughes was killed,
Annie M. Whiting in the Whiting automobile was injured,
both automobiles were damaged, and an automobile of
August Bihler, following the Whiting automobile, was
damaged by flying glass.

The actions were tried together in the Superior Court
before *Brown*, J. Material evidence and an exception saved
by the defendant Whiting are described in the opinion.
There was a verdict for the plaintiff in the first action in the
sum of $5,500; for the plaintiff in the second action in the
sum of $161; and for the defendant in the actions by the
Whitings. The Whitings alleged exceptions.

*A. B. Green*, for Whiting and another, submitted a brief.

*J. E. Kerigan*, for Hughes and another.

WAIT, J. These cases arose from a collision between
automobiles in which persons riding in both cars were
injured, and a third automobile was damaged by broken
glass from the colliding cars. Evidence was introduced
without objection and was argued by opposing counsel
from which it could have been found that the course of
one of the automobiles before the impact was so-erratic
that it justified a belief that the driver was intoxicated.
There was evidence also that, when the driver fell from his

position near the driving post after the accident, a pint flask slipped down over his breast and body into a pool of blood forming on the road. This bottle was nearly empty but contained a few drops of a brown liquid which looked like whiskey. Somewhat later the cork was extracted and an odor of alcohol was perceived. This bottle was produced at the trial. A witness testified that he saw another similar bottle in the road about half way between the two cars after they had come to rest. This was full of a fluid of a similar color with the drops remaining in the first. Before the witness could pick it up it was broken by a passing automobile; but the neck and stopper remained. The witness put his fingers in the spilled liquid which looked like and "smelled whiskey." There was evidence tending to show that no bottle fell with the body; that no full flask lay in the road; that no odor of alcoholic liquor was observed on this driver's breath or at the hospital whither he was taken; and that he had not been drinking intoxicating liquor before the accident.

The trial judge charged: "There isn't any evidence in this case that . . . [this driver] was intoxicated. There isn't any evidence in this case that he had been consuming liquor." Counsel for William F. and Annie M. Whiting called the attention of the judge to these statements and suggested modification. The judge stated to opposing counsel: "You can determine whether you will let the charge stand on the rum question as it now is or that . . . [counsel's] instructions be given." The interrogated counsel stated that he was satisfied to leave it, and no change was made. Exception was saved.

We think the excepting parties were entitled to have other and accurate instructions given. The charge as it stood was wrong. There was more here than inference upon inference, which would not support a finding of fact. If the jurors believed the witnesses who described the course of the colliding car before the impact, and those who testified to the flasks and their contents, they had the facts of the presence of liquor, of behavior consistent with the effects of using it and inconsistent with the absence of its

use, and of a course of action readily explicable if the driver were affected by intoxicating liquor, although admitting of other explanations. From these facts, if they found them, they could infer legitimately that this driver had consumed liquor and had been to some extent intoxicated. It could not properly be stated, as matter of law, that there was no evidence of intoxication and of consumption of liquor.

The exception was well taken. Although no request for instruction had been made before the charge, the parties were entitled to adequate and accurate statement of the law for the guidance of the jury. The attention of the judge was called to an asserted inaccuracy. The parties affected by failure to correct it are entitled to the exception, which the judge properly saved to them. *Mahoney* v. *Gooch*, 246 Mass. 567, 571. We cannot properly say that the error was immaterial. Had the jurors felt that they could find intoxication, it might seriously have affected their decision.

*Exceptions sustained.*