HELEN SQUIRES, administratrix, *vs.* CHARLES FRASKA.

Hampden. September 22, 1938. — November 28, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Motor Vehicle*, Registration. *Practice, Civil,* Requests, rulings and instructions, Charge to jury.

Not every proprietary interest in a motor vehicle in a person in possession and control thereof precludes legal registration in the sole name of another person having the general proprietary interest in such vehicle. ·

A request for an instruction framed as a unit properly was refused where it was partly incorrect.

A party has no standing in this court to complain of an inadequacy in the charge to the jury on a determining issue where the charge dealt with the issue in considerable detail and he did not bring any inadequacy to the judge's attention at its close.

TORT. Writ in the Superior Court dated March 1, 1934.

A verdict was returned for the defendant before *Broadhurst*, J., and he reported the case to this court, where it was submitted on briefs.

*L. S. Cain*, for the plaintiff.

*C. D. Sloan*, for the defendant.

FIELD, C.J. This is an action of tort brought under G. L. (Ter. Ed.) c. 229, § 5, for the death of the plaintiff's son and intestate, caused by the negligent operation of a motor vehicle on a public way by the defendant, Charles Fraska. There was evidence that the intestate while riding in a motor vehicle was killed instantly by a collision on a public way between that motor vehicle and another operated by the defendant. Though the declaration does not allege specifically that the motor vehicle operated by the defendant was not legally registered, the plaintiff sought to recover on the ground that it was not so registered. And properly it is not questioned that under such a declaration recovery may be had for death caused by the operation on a public way of a motor vehicle not legally registered. Such operation is at least evidence of negligence. *Capano* v.

*Melchionno,* 297 Mass. 1, 10, and cases cited.  There was a verdict for the defendant.

With exceptions not here material, a motor vehicle to be legally registered must be registered in the name of "the owner thereof."  G. L. (Ter. Ed.) c. 90, § 2.  It was undisputed that the motor vehicle operated by the defendant was registered in the name of Catherine V. Ross.  There was evidence that she was the sole owner thereof, that neither her husband, James Ross, nor the defendant owned any part of it, and that the defendant did not pay any part of the purchase price therefor.  But there was also evidence that this motor vehicle was owned by James Ross and the defendant, each having paid one half of the purchase price, and that it was registered "in the name of Catherine Ross for convenience and for security altho she didn't own it."  The defendant, however, testified that "it was registered to Catherine V. Ross and that she owned it . . . [and] that immediately on its purchase . . . he drove it to his yard where it was to be kept, that since its purchase it had been kept at all times in his yard, that it was used in the business of spraying trees in which he and James Ross were partners, that he had the right to use it at all times for his personal business without notice to Catherine V. Ross and did so use it, that Catherine V. Ross procured the insurance and the defendant paid for part of the insurance on it for the use of it, and he was not specially charged for particular trips."

The plaintiff requested the trial judge to instruct the jury that "If the jury finds that the defendant had any proprietary interest in the truck, either alone or jointly with another or others then it was illegally registered and your verdict must be for the plaintiff in the absence of contributory negligence on the part of the plaintiff."  The judge, however, failed to instruct the jury as requested, except as the requested instruction was given in his charge, and the plaintiff excepted.  No other exception to the charge was taken and at "the time of taking the exception the plaintiff did not call to the attention of the presiding judge in what respect the charge differed from the request."  The

case comes before us on a report of the trial judge "for determination of the question whether there was error prejudicial to the plaintiff and requiring a new trial, in . . . [his] failure to give the requested instruction in terms. If there was, a new trial may be ordered; Otherwise, judgment on the verdict to be ordered." No other question is reported.

There was no error in the judge's "failure to give the requested instruction in terms." It is not error for a judge to fail to instruct the jury in the terms of a requested instruction — even if it is correct as matter of law and applicable to the pleadings and the evidence — if the subject matter thereof is dealt with adequately in the charge. *Tripp* v. *Taft*, 219 Mass. 81, 84. *Wharmby* v. *Richards*, 277 Mass. 137. *Thompson* v. *Globe Newspaper Co.* 279 Mass. 176, 189. The instruction requested, however, was in part incorrect as matter of law. Not every "proprietary interest" in a motor vehicle in a person in possession and control thereof — even though sufficient to entitle him, by reason of having a special property therein, to register it in his own name as its "owner," see *Downey* v. *Bay State Street Railway*, 225 Mass. 281, 284; *Hurnanen* v. *Nicksa*, 228 Mass. 346, 350; *Caccavo* v. *Kearney*, 286 Mass. 480, 484 — precludes legal registration in the name of the person having the general property in such motor vehicle. *Temple* v. *Middlesex & Boston Street Railway*, 241 Mass. 124, 126. Whether or not there was evidence that the defendant had any "proprietary interest" in the motor vehicle which would not preclude registration in the name of Mrs. Ross, the plaintiff was not entitled to have this instruction given "in terms," since it was broad enough to include such a "proprietary interest" and, to that extent, was incorrect. And even if the requested instruction, which was framed as a single unit, was correct as to some proprietary interests (see *Shufelt* v. *McCartin*, 235 Mass. 122, 125; *Balian* v. *Ogassin*, 277 Mass. 525, 533; *Capano* v. *Melchionno*, 297 Mass. 1, 10. Compare *Temple* v. *Middlesex & Boston Street Railway*, 241 Mass. 124, 126; *Harlow* v. *Sinman*, 241 Mass. 462, 464–465), the judge was not re-

quired to separate it into parts and give the part thereof which was correct where, as here, the plaintiff did not ask for a separate instruction on the correct part. *Dempsey* v. *Goldstein Brothers Amusement Co.* 231 Mass. 461, 465. *Ackerly* v. *Boston Elevated Railway*, 275 Mass. 94, 95. *Dow* v. *United States Fidelity & Guaranty Co.* 297 Mass. 34, 40. Upon a strict construction of the report, what has been said disposes of the only question reported. Compare *Quimby* v. *Jay*, 196 Mass. 584, 586.

But if the report is construed more broadly and if it is assumed in favor of the plaintiff that it was the duty of the judge, either by reason of the request for an instruction (see *Bergeron* v. *Forest*, 233 Mass. 392, 402) or apart from such request (see *Mahoney* v. *Gooch*, 246 Mass. 567, 571; *Hughes* v. *Whiting*, 276 Mass. 76, 79; compare *Cronin* v. *Boston Elevated Railway*, 233 Mass. 243, 246), to instruct the jury upon the law governing registration of motor vehicles and the effect of illegal registration upon the plaintiff's right to recover in the action, no error is disclosed. The judge, in the charge, dealt with this subject in considerable detail. In addition to instructing the jury as to the liability of the operator of a motor vehicle illegally registered, he instructed them, in substance, that if Mrs. Ross was the owner of the motor vehicle it was legally registered, but that "If in fact that car was not owned by Mrs. Ross, being registered in her name, it was unlawfully registered," and, more specifically, that it was unlawfully registered if "the car was not Mrs. Ross's, but was either her husband's or . . . [the defendant's], or was owned jointly by her husband and by . . . [the defendant]." The plaintiff makes no contention that the charge was not sufficiently favorable to her with respect to the liability of an operator of a motor vehicle illegally registered, and she contends that the charge was inadequate only on the ground that it failed to include a specific instruction that the registration was illegal if Mrs. Ross was a part owner of the motor vehicle, either with her husband and the defendant, or with the defendant. But the plaintiff did not bring this asserted inadequacy of the charge specifically to

the attention of the judge at the end of the charge so that he might make any necessary correction or addition, and, consequently, cannot now rightly complain of such asserted inadequacy. See *Leahy* v. *Standard Oil Co. of New York,* 224 Mass. 352, 364–365; *Connelly* v. *Fellsway Motor Mart, Inc.* 270 Mass. 386, 391; *Scranton* v. *Crosby,* 298 Mass. 15, 18; *Kingsbury* v. *Terry,* 300 Mass. 516, 518–519. Compare *Hughes* v. *Whiting,* 276 Mass. 76, 79. We do not intimate, however, that the charge was inadequate. It is at least doubtful whether there was any evidence to which an instruction with respect to part ownership of the motor vehicle, such as the plaintiff contends was erroneously omitted from the charge, would have been applicable.

It follows that in accordance with the terms of the report there must be judgment on the verdict.

*So ordered.*