YVONNE GREEN *vs.* TOWN OF WEST SPRINGFIELD.

Hampden.    September 23, 1948. — October 29, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Municipal Corporations*, Liability for tort, Sewer, Highways. *Negligence*, Trench. *Way*, Public: excavation.

An action at common law might be maintained against a town for personal injuries sustained in a fall into an excavation dug by its employees in a public way "for the construction and maintenance of sewers and drains" and by them negligently left open and in a dangerous condition.

TORT. Writ in the Superior Court dated January 26, 1948.

A demurrer to the declaration was heard and sustained by *Donnelly*, J.

In this court the case was submitted on briefs.

*J. E. Kerigan*, for the plaintiff.

*F. T. Raleigh*, Town Counsel, for the defendant.

RONAN, J. This is an action of tort to recover damages for personal injuries received on the night of November 3, 1947, resulting from falling into an excavation, located in the sidewalk of a public way in the defendant town, which its agents and servants dug "for the construction and maintenance of sewers and drains" and negligently and carelessly permitted to remain open and in a dangerous condition. The declaration contained the usual allegations of due care upon the part of the plaintiff and damages. The plaintiff appealed from an order sustaining the defendant's demurrer.

The declaration contains no averment that written notice of the time, place and cause of the injury was given to the defendant as provided for by G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1. Such a notice would be a condition precedent to the maintenance of an action against the defendant town for breach of its statutory duty

to keep the public ways reasonably safe and convenient for travellers.  G. L. (Ter. Ed.) c. 84, §§ 1, 15.  *Gay* v. *Cambridge,* 128 Mass. 387.  *Brown* v. *Winthrop,* 275 Mass. 43. *Lucas* v. *Boston,* 313 Mass. 495.  The instant action, however, is not brought for breach of this statutory duty but is an action at common law for the negligence of the defendant's agents and servants in the construction of a sewer or drain.  A town is not acting in a governmental capacity in the construction of a sewer but is engaged in a commercial undertaking for its own benefit and profit, and while not liable for negligent defects in the plan of the sewer it is responsible for the negligent construction and maintenance of a sewer.  We need not discuss the grounds upon which liability is predicated, as the subject has been recently discussed with a full citation of authorities in *Galluzzi* v. *Beverly,* 309 Mass. 135, and *Harvard Furniture Co. Inc.* v. *Cambridge,* 320 Mass. 227.

*Order sustaining the demurrer reversed.*
*Order to be entered overruling the demurrer.*