RICHARD H. BROOKS *vs.* JAMES K. GLIDDEN, administrator (and two companion cases[1]).

Nantucket. January 6, 1953. — January 29, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Negligence*, Contributory, Due care of child, Use of way. *Practice, Civil,* Examination of jurors, Qualification of jurors, Waiver, New trial. *Jury and Jurors. Waiver.*

A ruling that a boy six and one half years old failed to exercise the care for his own safety to be expected of him was not required by evidence of the circumstances in which, while at play, he ran from the porch of a dwelling along a path between hedges toward a street, intending to run along the sidewalk, but "skidded" when he reached the sidewalk and "slipped into the road" and was there struck by an automobile. [705–707]

The defendant in an action by a boy for personal injuries was not entitled as of right to a new trial after a verdict for the plaintiff, nor was there abuse of discretion in the denial of the motion for a new trial, although two of the jurors were sisters of the plaintiff's father's deceased first

---

[1] The companion cases are by the same plaintiff against Robert J. Barry, and by Eugene C. Brooks against James K. Glidden, administrator with the will annexed of the estate of Robert H. Chisholm.

wife, who was not the plaintiff's mother, and a third juror was prejudiced against an insurance company defending the action, where it appeared that counsel for the defendant did not request any examination of the jurors and that he learned of the third juror's prejudice during the trial but proceeded to verdict without bringing the matter to the attention of the judge.  [707–708]

THREE ACTIONS OF TORT. Writs in the District Court of Nantucket dated August 24, 1949.

Upon removal of the actions to the Superior Court, they were tried before *O'Connell*, J.

*George P. Ponte*, for the defendants.

*George M. Poland & James C. Roy*, for the plaintiffs, submitted a brief.

RONAN, J. The minor plaintiff, six and one half years old, was struck and injured by an automobile operated by the defendant Barry, an employee of the defendant Chisholm,[1] along a public way in Nantucket, a little before noon on June 30, 1949. The jury returned verdicts for this plaintiff and also for his father for consequential damages in the action against Chisholm. The defendants saved exceptions to the denial of motions for directed verdicts, to the refusal to give two requests for instructions, and to the denial of motions for new trials.

The minor plaintiff, hereinafter called the plaintiff, was engaged in play with another boy upon the front porch of a dwelling located on the westerly side of a street which ran in a northerly and southerly direction and which was sixteen feet wide from curb to curb. The plaintiff, running as fast as he could, left the porch pursued by the other boy and ran along the path leading to the sidewalk, intending to run along the sidewalk, but as he ran out onto the sidewalk "his feet skidded and he slipped into the road" where he was struck by the right front of the automobile which was proceeding southerly along the way. A hedge about as tall as the plaintiff was located on each side of the path

---

[1] Chisholm died after the commencement of the two actions against him, and Glidden as his administrator with the will annexed has undertaken the defence of these actions.

leading from the front of the dwelling to the street. The plaintiff did not see the automobile before the accident. The defendants admit that the evidence warranted the jury in finding that Barry was negligent in the operation of the automobile at the time of the accident, thus leaving open on the issue of liability only the question of contributory negligence.

There was evidence that the plaintiff was a bright and intelligent boy. He had attended school before the accident. He was familiar with the place of the accident. He was not required to exercise the care of an adult and the negligence of his parents, if any, was not to be imputed to him. G. L. (Ter. Ed.) c. 231, § 85D, inserted by St. 1945, c. 352, § 1. *Feaver* v. *Railway Express Agency, Inc.* 324 Mass. 165. *Gill* v. *Jakstas*, 325 Mass. 309. He was chargeable with his own personal conduct measured by that of the ordinarily prudent child of his age and experience. The negligence of the defendants being conceded, he was entitled to recover unless the defendants proved that he failed to use the degree of care which a child between six and seven years of age could reasonably be expected in like circumstances to exercise for his own safety. *Schneider* v. *De Christopher*, 301 Mass. 241. *Birch* v. *Strout*, 303 Mass. 28. *Friedman* v. *Berthiaume*, 303 Mass. 159. *Falzone* v. *Burgoyne*, 317 Mass. 493. The instant cases brought by the minor closely resemble *Bartley* v. *Almeida*, 322 Mass. 104, with respect to the question of contributory negligence. In that case a boy seven years old ran out from between parked automobiles into the center of the street in front of an approaching automobile. There was a line of automobiles parked on the other side of the street leaving only a space wide enough for the passage of one automobile in the center of the street. It was held that it could not be said as matter of law that the boy was guilty of contributory negligence even though he admitted that he "did not look at all" before he was struck by an automobile travelling in the center of the street. In *Woods* v. *DeMont*, 322 Mass. 233, the intestate, seven years of age, was one of a group of boys playing ball on the sidewalk. He suddenly darted out into

the street, travelling about nine feet when he was struck by a motor truck. It was decided that it could not be ruled that the intestate was lacking in due care although it was held, as in many of the cases upon which the defendants rely, that the operator was not negligent — a point not open in the instant cases. The due care of the plaintiff was properly submitted to the jury.

The defendants requested the judge to instruct the jury that for one hidden from the view of other travellers to run into a city street a few feet in front of an approaching automobile is an act which the common judgment of mankind must pronounce careless. There was no error in the denial of this request. The operator of the automobile did not testify and there was no statement of what he would testify to if present. The plaintiff did not run into a city street. The jury were not required to find that he went into the street a few feet in front of the automobile, in view of the evidence that the automobile left tire marks fifty-two feet long located as shown by the photographs with reference to the spot where the plaintiff had left the sidewalk. Neither was there error in refusing to give the second request, that if the plaintiff, merely because he was playing, ran into the street unmindful of his safety a few feet in front of the automobile he was lacking in the care of a boy of his years. The matter was fully covered in the charge to which no exceptions were taken.

The motions for new trials were based on the grounds that two of the jurors were sisters of the first wife of the minor plaintiff's father, and that a third juror was biased and prejudiced against the insurance company which was defending the actions. Brooks's first wife had died in 1941 and he had married again. The minor plaintiff was born of this second marriage. Since the death of Brooks's first wife, these sisters-in-law had not made any social calls on him and neither had he visited either of them except on one occasion in 1947 when he went to the home of one of them on business with respect to a radio. Otherwise he has had no communication with them other than passing the time of day when

they met on the street. The son of the third juror was struck and killed by an automobile in 1938. She was dissatisfied with the manner in which the insurance company treated her, and during the trial of these cases she told the court stenographer that she was prejudiced against this company which was defending these actions and had no use for the company. The stenographer conveyed this information to the attorney for the defendants who did nothing until after the trial other than telling counsel for the plaintiffs what he had heard.

So far as appears, neither party requested the judge to examine the jurors to ascertain whether they were related to the parties, or had any interest in the case, or were sensible of any bias or prejudice. G. L. (Ter. Ed.) c. 234, § 28. Failure to require such an examination is a waiver and constitutes a mere irregularity. G. L. (Ter. Ed.) c. 234, § 32. A party cannot afterwards complain if none was held. *Woodward* v. *Dean*, 113 Mass. 297. *Smith* v. *Earle*, 118 Mass. 531. *Wassum* v. *Feeney*, 121 Mass. 93. The relationship of Brooks through his first wife to the two jurors did not as matter of law disqualify them. *Bigelow* v. *Sprague*, 140 Mass. 425. *Chase* v. *Jennings*, 38 Maine, 44. One Brock, the agent of the insurance company in Nantucket for many years, assisted counsel for the defendants in the preparation of these cases. He knew of the death of the third juror's son resulting from an automobile accident. The defendants' counsel knew of the bias and prejudice of that juror. It was his duty to bring the matter to the attention of the judge if he intended to raise the point and not to continue with the trial and in the event of an adverse verdict attempt to have it set aside. The defendants were not entitled to new trials as matter of right and the decision to a large extent rested in the discretion of the trial judge. There was no error in the denial of the motions. *Davis* v. *Allen*, 11 Pick. 466, 468. *Commonwealth* v. *Wong Chung*, 186 Mass. 231, 237–238. *Manning* v. *Boston Elevated Railway*, 187 Mass. 496, 499. *Gray* v. *Boston Elevated Railway*, 215 Mass. 143, 149–150. *Commonwealth* v. *Delle Chiaie*, 323 Mass. 615.

*Exceptions overruled.*