ANNA CIPOLLONE & another vs. D'ALESSANDRO-CROGNALE, INC.

Suffolk.    October 6, 1955. — January 31, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Negligence*, Highway torch, Contractor, Use of way, Due care of child. *Witness*, Child, Oath, Competency. *Practice, Civil*, Waiver; Exceptions: whether error harmful; Requests, rulings and instructions. *Waiver*. *Error*, Whether error harmful.

Statements of a seven year old plaintiff as a witness at a trial were competent in her favor although no oath had been administered to her where counsel for the defendant knew that fact and intentionally did not object.    [471–472]

Evidence that a contractor, who had dug a trench in a street opposite the end of a walk leading from a house to the street and known to be used by a four year old girl living there, placed a highway torch with an exposed flame six feet from the end of the walk and along the route which, because of piled dirt, she would use in going to the street, and that she was burned by contact with the torch in going there, warranted a finding of negligence of the contractor toward her respecting the placing of the torch.    [474]

A highway torch with an exposed flame placed by a contractor near a trench in a street was not a danger so obvious to a child four years of age burned by contact with it that as matter of law the contractor could not be found negligent toward her.    [474]

At the trial of an action to recover for burns received by the plaintiff from contact with a lighted highway torch placed by the defendant in a street near the end of a front walk by which the plaintiff went from her home to the street, an alleged violation of G.L. (Ter. Ed.) c. 231, § 81, by the trial judge in charging the jury that there was no exit to the street available to her except the front walk was harmless since she had a right to use the walk even if other means of access to the street existed.    [474–475]

Certain instructions to the jury were adequate and accurate on the issue of the due care of a contractor in placing in a street a highway torch with an exposed flame by which a four year old girl was burned in going to the street from her nearby home.    [475–476]

There was no error in a trial judge's refusal to give in terms an instruction requested at a trial where the subject matter thereof was dealt with accurately and adequately in the charge.    [476]

TORT.   Writ in the Superior Court dated May 25, 1951. The action was tried before *Swift, J.*

In this court the case was argued in October, 1955, before *Qua, C.J., Ronan, Wilkins, Spalding, & Counihan, JJ.,* and afterwards was submitted on briefs to all the Justices.

*LaRue Brown, (Charles C. McCarthy & Raymond H. Young* with him,) for the defendant.

*John M. Russell, (Joshua J. Vernaglia* with him,) for the plaintiffs.

WILKINS, J.   On May 1, 1951, the minor plaintiff, then four years of age, was burned by coming in contact with a highway torch on Cottage Avenue, an unaccepted street in Boston.   In this action of tort the minor plaintiff, whom we shall refer to as the plaintiff, sues for personal injuries allegedly due to the defendant's negligence in placing the torch during the performance of a contract for the construction of a sewer in front of her house.   There is a count by her father for consequential damages.   The jury returned verdicts for the plaintiffs.

One of the defendant's exceptions was to the denial of its motion for directed verdicts.   There was evidence from which the jury could have found these facts.   On the day of the accident between 6 and 6:15 P.M. the father, who owned the property at 136 Cottage Avenue, West Roxbury, was plowing in the back yard.   The plaintiff was with him, but left, as he thought, to enter the house.   Instead she went out the front walk to the street.   This was the only egress there was.   About a minute later the father heard screams, and discovered her "all aflame" at the corner of the house in front.   A cement walk about twenty-five feet long and forty-two inches wide led from the front door to the street. Along the street on each side of the walk was a wire fence about three and one half feet high with a wire gate.   As the father went out the gate to take the plaintiff to the hospital, he saw a lighted torch bomb with an exposed flame on Cottage Avenue opposite the center of the walk.   He had never seen a torch in front of his walk before.   This torch was an oval container, with a wick, burning kerosene, and

had "a chain handle or ring on it to pick it up by." The length of the flame is "an inch or two under normal conditions." The near edge of the sewer trench was six or seven feet from the wire fence and, in between, dirt was piled. For one coming out by the gateway, there was no passage to the left, but to the right there was ample room. There were lighted torches around a steam shovel fifteen to thirty feet to the right and on the far side of the trench to the left. Photographs in evidence show no finished sidewalk, no edgestone, and a dirt surface which merges into the street without marked change in level or distinguishing dividing line.

The father testified that the lighted torch which he saw opposite his walk was about one to one and one half feet from the end of the walk. Two other witnesses called by the plaintiff testified that they saw the torch immediately after the accident. One placed it "about opposite the center of the walk that ran down to the roadway, and about a foot out in the roadway from the walk," and the other "in front of the center of the walk about a foot and a half out."

The plaintiff, called on her own behalf at the close of her case, "was not sworn and this was without objection by either side." We interpret this quotation from the record to mean that counsel for both parties were aware that no oath was administered, and that any failure to object was intentional. The plaintiff stated on direct examination that at the time of the trial she was seven years of age and attended school. When asked to point out on a photograph in evidence where the light was which burned her, "she pointed to the place at the end of the walk." On cross-examination she stated that when she was burned, she was going out to play; that she did not see the flame as she came down the walk because she was looking the other way; and that she was not playing near the torch.

The defendant argues that, apart from what the plaintiff herself stated, there was no evidence to identify the particular torch by which she was burned; that that was the only torch which the plaintiff's counsel contended had been negligently placed; and that notwithstanding its own fail-

ure to object we should now rule that the defendant could not waive preliminary examination as to the plaintiff's competence and the right to have her sworn. Of the cases cited by the defendant the only one sustaining its position is *Napiearlski* v. *Pickering*, 278 App. Div. (N. Y.) 456, which, however, seems to be based on the construction of a statute. There are similar earlier cases decided by the Appellate Division. In so far as the rule of such cases does not turn on the peculiar language of the New York statute, we cannot follow them. We believe that the present case is governed in principle by *Cady* v. *Norton*, 14 Pick. 236, where the defendant learned before the case went to the jury that a witness for the plaintiffs (who was apparently an adult) had not been sworn, but made no objection. It was held that the defendant had waived his right to except after verdict. The opinion, which was by Chief Justice Shaw, contains language (page 237) which is equally appropriate to the present case, where the witness was a child. "This proceeds upon two grounds; one, that if the exception is intended to be relied on, and is seasonably taken, the omission may be supplied, or the error corrected, and the rights of all parties saved. The other is, that it is not consistent with the purposes of justice, for a party knowing of a secret defect, to proceed and take his chance for a favorable verdict, with the power and intent to annul it, as erroneous and void, if it should be against him. . . . These considerations, of course, apply to matters of form and exceptions, which a party has a right to waive; and it is obvious, that the exception insisted on, is of that kind. It is competent to parties, and indeed it is not uncommon in practice, by consent, to receive the statement of a person as evidence, who is not sworn." We, accordingly, are of opinion that the plaintiff's statements on the witness stand are to be considered in passing upon the correctness of the judge's denial of the defendant's motion for a directed verdict.

On behalf of the defendant, there was other evidence which the jury could accept or reject. The sewer trench,

ten to eleven feet wide, was being dug in the center of Cottage Avenue, which was forty feet wide. On the day of the accident work on the trench, which had progressed approximately to the end of the Cipollone walk, ceased at 4:30 P.M. The bucket of the steam shovel was placed opposite the gate about seven or eight feet out for the purpose of barricading the end of the trench. There were about twelve torches placed between 4:30 and 5 P.M. The nearest torch to the Cipollone property line was placed between six inches and one foot and one half from the bucket of the steam shovel and from six to eight feet from the property line. There was an open space at the right end of the fence giving access to the street which was in use by Mrs. Cipollone and others.

At the close of the evidence, the defendant introduced the plaintiff's answer to an interrogatory in which she described the place of the accident as "On the sidewalk approximately 2 or 3 feet away from the gate or front walk of residence at 136 Cottage Avenue, West Roxbury."

The defendant was the agent of the city in the construction of the sewer, and is liable for the consequences of its negligent acts. *Galluzzi* v. *Beverly*, 309 Mass. 135, 137. *Harvard Furniture Co. Inc.* v. *Cambridge*, 320 Mass. 227, 228–229. *Green* v. *West Springfield*, 323 Mass. 335, 336. The principle of cases dealing with injuries sustained on ways closed to travel during construction or repairs has no application. See *Jones* v. *Collins*, 177 Mass. 444; *McCarthy* v. *Boston*, 266 Mass. 262; *Cragg* v. *Boston*, 311 Mass. 547, 548–549.

The defendant contends that there was no evidence connecting the defendant with the placing of the torch near the gateway; that the direct testimony was that the defendant did not place the torch nearer than six feet to the Cipollone property; and that disbelief of that testimony would not create evidence to the contrary. The success of the argument must depend upon whether the only place where the jury could find that the plaintiff was when burned was not more than one and one half feet, or perhaps three

feet, from the property line. The plaintiff, who was shown a photograph when on the stand, "pointed to the place at the end of the walk" to indicate where the torch was. This photograph shows a large portion of the roadway outside of the fence, certainly more than six feet. Her father and two other witnesses called by her had previously located the torch at distances of one to one and one half feet from the walk. We think that the jury could find that "the place at the end of the walk" included the spot six feet from the property line where the defendant, according to its own evidence, placed the torch. There was no other torch in the very close vicinity. We also think that the jury could find that this torch was negligently placed. The plaintiff was known to live in the house and to use the walk, which could have been found to be the only one available to her. Dirt from the excavated trench permitted a turn in only one direction — to the right — upon coming out the gateway. The sidewalk, if there was one in the real sense of the word, was seemingly on the same level and of the same general appearance as the street.

Likewise, we do not think that it could have been ruled that the flaming torch was so obvious as not to be a source of danger to a child of the age of the plaintiff.

It follows that there was no error in the denial of the defendant's motion for a directed verdict.

Turning to the charge, the defendant's first exception is that the judge stated that there was no other way the plaintiff could have come out. This, it is argued, is a charge on the facts in violation of G. L. (Ter. Ed.) c. 231, § 81. We do not understand that this is what happened. What the judge said was: "So far as [concerns] this case, and it will be your recollection that will control in this and every other phase of the case, there seems to be no other exit going away from that house, that home, except on this walk that has been pointed out and referred to so frequently in the case, and that was the walk that this plaintiff says she used in coming out there." Should it be thought that this statement did not sufficiently instruct the jury that

they were the judges of the evidence notwithstanding any language of the charge, it is enough to say that such failure, if any, was harmless error. The plaintiff had a right to use the front walk irrespective of the existence of any other means of access to the street. See *Sullivan* v. *Saugus*, 305 Mass. 127, 130.

The defendant excepted "to that part of the charge which did not distinguish between imputed negligence and what the parents should have anticipated." The record states: "Counsel had argued to the jury that the parents' failure to anticipate that the child would come out onto the street bore on the question whether the defendant was negligent in not anticipating the presence of a child at the place where the plaintiff claimed to have been injured." No written request for instructions on the point was made, but the defendant argues that the subject was adequately brought to the judge's attention by its eighth request. It relies on *Bell* v. *Dorchester Theatre Co.* 308 Mass. 118, 123, and *Higgins* v. *Pratt*, 316 Mass. 700, 712. The defendant's eighth request was: "The almost certain risk of injury from an open, unguarded trench in a public street must be considered in connection with the use of the highway torch employed by the defendant in this case to warn persons that construction work was being done in the vicinity of the torch."

Of course, even in the absence of requests for instructions, the parties are entitled to an adequate and accurate statement of the law. *Hughes* v. *Whiting*, 276 Mass. 76, 79. The judge charged that if the parents were negligent, their negligence was not to be imputed to the child; that the child was required not to exercise the care of an adult, but to exercise only that degree that the ordinary prudent child of her years was expected to use; and that the measurements of space between the property line and the nearest line of the excavated trench were for the purpose of enabling the jury to determine whether due care had been used in the placing of the torch for the safety and care of those rightfully on the highway. It seems to us that no error is

shown in this respect. What the judge said was accurate and adequate. *Brooks* v. *Glidden,* 329 Mass. 704, 706. It was not necessary to give the eighth request in terms. If the defendant desired instructions on the other points complained of, written requests should have been presented. Rule 71 of the Superior Court (1954).

No other requests which were denied have been specifically argued by the defendant. We have, however, considered them all and observe no error.

*Exceptions overruled.*