MARY BARTHOLOMEO *vs.* JANE BILSBORROW. June 22, 1960. Exceptions overruled. This is an action of tort to recover damages for personal in-

juries sustained as the result of a collision of automobiles on Coggshall Street, New Bedford, on May 9, 1957. The plaintiff was riding in the back seat of an automobile owned and operated by her daughter Lorraine Karasch and the other automobile was operated by the defendant. The action was tried to a jury who found for the defendant. It comes here upon the plaintiff's exception to the denial of a request for an instruction made by the plaintiff at the conclusion of the judge's charge. There was no error. At the trial there was evidence from which the jury could find that both operators were negligent. The only evidence bearing upon the question of whether Lorraine was acting as an agent of the plaintiff so that the negligence of Lorraine would be imputed to the plaintiff was the testimony of the plaintiff that she had requested her daughter Lorraine to drive her to New Bedford to do shopping. The instruction requested by the plaintiff was to the effect that no relationship of agency existed because the plaintiff had no right to exercise control over the driving of her daughter. Rule 71 of the Superior Court (1954) provides that all requests for instructions shall be made in writing before closing arguments of counsel. No such requests were made. However, even in the absence of such requests, "the parties were entitled to adequate and accurate statement of the law." *Hughes* v. *Whiting,* 276 Mass. 76, 79. *Cipollone* v. *D'Alessandro-Crognale, Inc.* 333 Mass. 469, 475. In the case at bar the judge adequately and accurately charged the jury on the question of agency and the element of control necessary to establish it. In fact he gave several examples of situations bearing upon the element of control.

The case was submitted on briefs.

*H. William Radovsky & John F. O'Donoghue,* for the plaintiff.
*Gerald P. Walsh,* for the defendant.